12   465
17   318
12   465
f21   15?

[No. 1861.  Decided July 27, 1895.]

THOMAS & COMPANY, *Appellant*, v. THE CITY OF
OLYMPIA, *Respondent*.

MUNICIPAL CORPORATIONS — WARRANTS FOR PUBLIC IMPROVEMENTS —
PAYMENT FROM SPECIAL FUND — WAIVER OF CITY'S NEGLIGENCE IN
CREATING FUND.

Where a city which has made a contract for street improvements to
be paid for out of a special fund to be derived from an assessment upon
the property benefited, has in good faith and with care made such
assessment, which it was unable to collect, owing to decisions of the
courts, and has taken steps to make a new assessment therefor, the
city cannot be held liable for the cost of such improvements out of its
general fund.  (*Stephens v. Spokane*, 11 Wash. 41, distinguished.)

Where a contract for the making of certain street improvements
is entered into between a contractor and the city, wherein it is
agreed that, in consideration of the issuance to the contractor of
warrants upon a special fund to be created by the city by an assess-
ment upon the property benefited, he would waive the right to
demand and receive payment from the city in any other way, he
cannot recover judgment against the city on account of the negli-
gence of its officers in failing to collect such fund for the payment of
his warrants.

*Appeal from Superior Court, Thurston County.*

*Frank D. Nash*, for appellant.

*A. J. Falknor*, and *Preston M. Troy*, for respondent.

The opinion of the court was delivered by

HOYT, C. J.—The object of this action was to estab-
lish a liability against the respondent for certain war-
rants issued to the contractor in payment for work
done upon a contract for the grading of a street.
These warrants were primarily payable out of a spe-
cial fund, which it was provided by ordinance should
be created by an assessment to be levied upon the
property to be benefited by the work, and it was

30 —12 WASH.

claimed that by reason of the negligence of the officers of the city in failing to create such fund, the city had become liable to pay the warrants out of its general fund.

The respondent, after denying certain allegations in the complaint, set up by way of affirmative defense the alleged facts: (1) That at the time the contract for the work was entered into it could not have made a legal contract for the doing of the work at the expense of its general fund, for the reason that its indebtedness at the time exceeded the limit of debt which it was authorized to incur under the constitution of the state; and (2) that the assessment upon the property benefited, of the cost of the improvement, had been made with care and in perfect good faith, and that the failure to collect such assessment was owing to a decision of the supreme court of the state and certain decisions of the superior court of Thurston county, which made such collection impossible; that on account of such decisions the city was proceeding, at the time the answer was filed, to make a new assessment upon the property benefited for the purpose of collecting money to be placed in the special fund out of which the warrants could be paid.

To these affirmative defenses the plaintiff demurred, and, upon its demurrer being overruled, elected to stand thereon and suffered judgment to be entered against it.

The sufficiency of these defenses is the principal question involved in the appeal. The facts alleged therein are so similar to those which we held, in the case of *Soule v. Seattle*, 6 Wash. 315 (33 Pac. 384, 1080), to have been sufficient to relieve the city of liability, that we do not feel called upon to further discuss the question than to say that, in our opinion, it comes

clearly within the principles decided in that case. The appellant attempts, in its brief, to distinguish that case from the one at bar, but we are unable to see any substantial difference between the facts therein presented and those presented by the affirmative defenses pleaded. It is true that that was a suit in equity while this was one at law, but the character of the suit could have no influence in determining the question as to whether or not a given state of facts was sufficient to create a liability against a city for an alleged failure on the part of its officers to do their duty.

It is claimed by the appellant that this court, in the case of *Stephens v. Spokane*, 11 Wash. 41 (39 Pac. 266), in effect qualified the decision in the case of *Soule v. Seattle*. In our opinion, such is not the effect of that case. All that the court there decided was that under certain circumstances, the city would be liable for the negligence of its officers in failing to take any steps toward the creation of a special fund out of which certain warrants were to be paid. The special facts relied upon in the case of *Soule v. Seattle*, and set up in the affirmative defenses in the case at bar, were not before the court, and its decision could have no effect upon a case in which such facts were made to appear.

From the pleadings in the case at bar it appears that in the contract for the doing of the work for which the warrants in question were issued, there was a provision to the effect that in consideration of the issuing of such warrants for the work the contractor agreed that he would waive the right to demand and receive payment from the city in any other way; and it is contended on the part of the respondent that plaintiff is bound by such waiver, and that for that reason, if for no other, the judgment of the superior court was right. With this contention we must agree. If

the city had a right to enter into a contract at all it had a right to enter into one with such limitations as to its liability as the other party saw fit to agree to, and if the contractor agreed that he would take his chances as to whether or not the warrants would be paid out of the special fund there is no good reason why he should not be bound by such agreement. This provision in the contract could have been inserted for no other purpose than to relieve the city of the liability which in this action is sought to be asserted against it, and in the absence of a showing to the contrary it must be presumed that its insertion was agreed upon by the parties to the contract, and, if it was, it should be given force.

The judgment must be affirmed.

SCOTT, ANDERS and GORDON, JJ., concur.

DUNBAR, J.—I concur in the result on the last ground mentioned in the opinion.