[No. 1832.  Decided January 13, 1896.]

WILLIAM CLINE et al., Respondents, v. THE CITY OF SEATTLE et al., Appellants.

MUNICIPAL CORPORATIONS — COUNCILMAN AS ACTING MAYOR — RIGHT TO VOTE ON ORDINANCES — PUBLIC IMPROVEMENTS — REASSESSMENTS.

A member of the common council is not entitled to vote upon an ordinance at a meeting over which he is presiding by virtue of his selection as acting mayor in the absence of the mayor from the city, under a charter provision authorizing such selection and vesting the one selected with all the powers of the mayor until the return of such officer, in view of a further provision for the selection of a member to preside at any meeting from which the mayor is absent.

A reassessment for local improvements, even though the original assessment was void for want of proper steps to give the council jurisdiction of the subject matter, is authorized by the provision of a freeholders' charter that in all cases where special assessments for local improvements have failed to be valid because of want of form, insufficiency, informality, irregularity, or non-compliance with the charter provisions governing such assessments, the city council is authorized to reassess such special taxes in accordance with the provisions of laws or ordinances existing at the time of such reassessment.

Where a reassessment for a local improvement has been made owing to the invalidity of the original assessment, the assessment district is not required to be the same as originally, but should be established according to the law in force at the time of the assessment.

Appeal from Superior Court, King County.— Hon. ROGER S. GREENE, Judge pro tem.  Reversed.

Frank A. Steele, for appellants.

John K. Brown, for respondents.

The opinion of the court was delivered by

HOYT, C. J.—This action was brought to prevent the collection of a tax for a street improvement, levied

upon the property of the respondents and to have such tax declared invalid and set aside and the lien thereof removed. A motion was interposed to strike the statement of facts from the record for the reason that it could not be considered for want of sufficient exceptions to the findings of fact made by the trial court. Upon the hearing of such motion it was denied, for the reason that the statement could be considered in the investigation of the errors assigned upon the denial of defendants' motion for non-suit, though no exceptions had been taken to the findings of fact.

Upon a further examination of the record we have become satisfied that the decision of the case requires no examination of the statement of facts. The findings of fact by the trial court were very full and complete and their correctness is not challenged in the brief of appellants. Every issue of fact presented by the pleadings was covered by such findings, and they are as favorable to the appellants as they could ask.

From such findings it appears, among other things, that proceedings for the improvement of Fourteenth street were commenced under the provisions of the charter of the city of Seattle granted by the legislature by the act of 1886; that while such proceedings were pending, the freeholders' charter was adopted, and under its provisions the improvement was completed and accepted by the city and an assessment made upon the abutting property to pay the cost of such improvement; that such assessment had been declared void and of no effect, by the judgment of a court of competent jurisdiction; that thereafter an amendment to said freeholders' charter was adopted, to the effect that: "In all cases of special assessments for local improvements, where said assessments had failed to be valid in whole or in part, because for want of form, insuffi-

ciency, informality or irregularity or non-compliance with the charter provisions governing such assessments, the city council were authorized to reassess such special taxes or assessments and to enforce their collection in accordance with the provisions of law or ordinances existing at the time of such reassessment;" that by virtue of the authority conferred by this amendment a reassessment was made upon the abutting property to pay for this improvement; that the proceedings under which this reassessment was made were in all respects regular and such as were required by the provisions of said freeholders' charter, as amended.

The trial court held that the original assessment was absolutely void for the reason that the ordinance providing for the improvement had not been passed by a unanimous vote of the council. The facts upon which it founded such holding were that one U. R. Niesz, who was a member of the council of the city at the time, and present when the vote was taken, did not vote therefor; but it appeared that at the time the vote was taken the mayor was absent from the city, and that said Niesz was the acting mayor, and as such presiding at the meeting of the council at which the ordinance was passed. This being so, the sufficiency of the vote must depend upon whether or not said Niesz as such acting mayor had a right to vote upon questions before the council.

There was a provision in the charter of the city which required the mayor to preside at meetings of the common council, and a further provision that if he was absent from such meeting the council should select one of its members to preside. There was also a provision to the effect that if the mayor was absent from the city, the common council should select one

of its number as acting mayor, and that the person so selected should thereupon become vested with all the powers of the mayor until the return of such officer. If there had been only one provision in relation to the duty of the council to select a presiding officer when the mayor did not attend a meeting, there would be reason for holding that the selection of one of the members of the council to so preside would not deprive him of his right to vote. But the two distinct provisions, one of which went simply to the selection of a presiding officer and the other to the election of an acting mayor with all the powers of such officer, including that of presiding at the council meetings, can only be given force by holding that in one case the person selected retains the rights of a member of the council, and in the other that he does not. In view of these provisions, we think that acting mayor Niesz, who presided over the meeting, was not at the time entitled to vote as a member of the common council, and that the ordinance received a sufficient vote.

But if we are right in the conclusion to which we have come as to the force to be given to the amendment to the charter above set out, the question as to whether or not this ordinance was properly passed is immaterial. In the case of *Frederick v. Seattle, ante,* p. 428, it was held that a reassessment provided for by the act of the legislature passed in 1893 could be sustained even though the original assessment was void for want of proper steps to give the council jurisdiction of the subject matter; and in our opinion, this amendment to the charter gave to the common council substantially the same authority as did the act of the legislature under consideration in that case. The language is not quite so broad, and it is not expressly stated that the reassessment may be made if the first

one has been held invalid by reason of want of jurisdiction; but there would have been no occasion for the use of the language employed if it had only been the intention to give the right to make a reassessment when the first one had been held invalid on account of some irregularity after jurisdiction had been obtained. Such a construction might have been possible if it had only been provided that the reassessment should be made when the first one had failed to be valid in whole or in part for want of form, insufficiency, informality or irregularity. But even then the use of the word " insufficiency " would have been unnecessary to express the intention of the charter makers. But in addition to those words was the provision that the right to reassess should exist when the original assessment had been declared invalid on account of non-compliance with the charter provisions governing such assessment. To give force to this provision and to the other words of the amendment it must be held that it was the intention to cover every ground upon which the original assessment should be held invalid. The plain intent seems to have been, where a street improvement had been made the cost of which should properly have been assessed upon abutting property, to provide a method by which such property should be charged when the first effort to charge it had failed for any reason whatever. The power of the legislature, and consequently of the freeholders acting under the provisions of the constitution, to give such power to the common council of the city, was so fully discussed and the authorities so fully collated in the case above cited, that a further consideration here would be out of place.

From what we have said, it will be seen that the common council was clothed with the power to make

the reassessment under consideration, and that being so, and it having been found as a fact by the trial court that such reassessment had been made in all respects as required by the provisions of the charter in force at the time, it must be held to have been valid.

The only reason, except the one above considered, stated by the trial court for holding the reassessment invalid was that the assessment district established by the common council for the purposes of such reassessment was different from that established for the purposes of the original assessment, and in our opinion such change did not invalidate the reassessment. If the reassessment could be made at all, it could only be made under the provisions of the charter in force at the time it was made, and thereunder no other district than the one upon which the reassessment was made would have been legal. Beside, the first assessment, having been held void, could serve no purpose whatever in the reassessment excepting to bring the improvement within the provisions of the charter providing for such reassessment. Before such provisions could be invoked for the purpose of providing the means for paying for the improvement by an assessment upon adjoining property, it must have appeared that theretofore there had been an attempt made to collect the cost of such improvement by an assessment. Except for this single purpose the first assessment and all proceedings thereunder could have no force in determining the legality of the reassessment. The facts necessary to sustain the reassessment were that a street improvement had been made and completed under the direction of the city; that an attempt had been made to collect the cost thereof by an assessment upon the adjoining property; that such

29—13 WASH.

attempt had failed by reason of the invalidity of such assessment, and that a reassessment had been made in accordance with the provisions of the charter in force at the time of such reassessment. All of these facts were found by the learned court who tried this cause, and, having so found, it should have further found that the reassessment was valid and of full force against the property of the respondents.

The judgment will be reversed and the cause remanded with instructions to dismiss the action.

ANDERS and GORDON, JJ., concur.

SCOTT and DUNBAR, JJ., dissent.