[No. 2943. Decided May 9, 1899.]

A. A. PHILLIPS, *Appellant,* v. CITY OF OLYMPIA *et al., Respondents.*

MUNICIPAL CORPORATIONS—STREET IMPROVEMENTS—RE-ASSESSMENT—ESTOPPEL.

Where a municipal corporation has enacted an ordinance reciting the illegality and invalidity of assessments for certain street improvements, as originally made, and providing a reassessment, in conformity with the statute authorizing such proceedings whenever an original assessment has been declared invalid by the courts, the city cannot assert the validity of the original assessments, nor successfully resist mandamus proceedings to compel a re-assessment for such improvements.

Appeal from Superior Court, Thurston County.—Hon. CHARLES H. AYER, Judge. Reversed.

*T. N. Allen* and *Frank D. Nash,* for appellant.

*P. M. Troy* and *A. J. Falknor,* for respondents.

The opinion of the court was delivered by

ANDERS, J.—This was an application to the superior court of Thurston county for a writ of mandate to compel the city of Olympia, its mayor and common council, to re-assess certain lots of land abutting on various streets, and parts of streets, of the city, for the purpose of paying the cost of grading and improving such streets. The first section of the act authorizing re-assessment for local improvements, and upon which the plaintiff bases his application, provides that

"Whenever an assessment for . . . grading . . . any street, avenue or alley, or for any local improvement which has heretofore been made, or which may hereafter be made by any city or town, has been, or may be hereafter, declared void, and its enforcement under the charter or laws governing such city or town refused by the courts of this state, or for any cause whatever has been heretofore, or may be hereafter, set aside, annulled or declared void by any court, either directly or by virtue of any decision of such court, the council of such city or town shall, by ordinance, order and make a new assessment or re-assessment upon the lots, blocks or parcels of land which have been or will be benefited by such local improvement to the extent of their proportionate part of the expense thereof," etc.

The sufficiency of the affidavit for the writ was not challenged in the court below, and has not been challenged in this court. It appears from the affidavit that the city of Olympia caused a large number of its streets to be graded and improved at the expense of the property abutting thereon, and that assessments for the costs of such improvements were made under and by virtue of ordinance No. 495 of the city; that warrants were issued and delivered to the several contractors who performed work upon the streets; that the plaintiff, as receiver of the First National Bank of Olympia, is the lawful owner and holder of a

large number of such warrants; that the same have not been paid, and that there is no money in the respective funds against which they were drawn with which to pay them; that the city commenced several actions to collect the assessments to pay the cost of such improvements, and that the assessments were declared illegal and void by the court; that the city duly passed ordinance No. 654, providing for re-assessments in cases where the original assessments for local improvements had been declared void and unenforcible by the courts, and that it also duly enacted ordinance No. 655, providing for re-assessments of lots fronting upon certain of the streets mentioned in plaintiff's affidavit; that no re-assessments have been made upon any of the streets except Union street, and as to that but one action has been instituted to collect the assessment, and that prior to the bringing of this action demand was made by the plaintiff upon the city, its mayor and council, for a re-assessment of the property on the streets mentioned in the affidavit, which demand was not complied with. The defendants, in their answer, denied that the original assessments of the property in question were illegal or void, and alleged affirmatively that the improvements mentioned in the affidavit were made prior to December 31, 1891; that the original assessment for costs of the same became delinquent on or before March 20, 1893, and that the plaintiff's action was and is barred by the statute of limitations. Upon the facts presented, the learned trial court denied the application for the writ on the ground, it seems, that the original assessments were in fact valid. But the learned court further adjudged that, as to certain of the streets designated in the affidavit, all proceedings to collect the assessments were barred by the statute of limitations, and, as to the remaining streets, an order was entered commanding the city forthwith to institute proceedings for

the collection of the assessments.     From that judgment this appeal was taken.

It appears that ordinance No. 495, under which it is agreed all of the original assessments were levied, made no provision for notice to the owners of property affected thereby before the final confirmation of the assessment by the city council, and that, in fact, no notice was given, and no opportunity to be heard in opposition to the assessments was afforded, the property owners prior to final confirmation by the council; and a large portion of the argument of the learned counsel for the appellant is addressed to the question whether or not the assessments which were made under and according to said ordinance were valid.     It is claimed by them that the assessments were invalid for two reasons:  First, that the ordinance under which the proceedings were had was contrary to the statute (1 Hill's Code, § 641) ; and, second, that it was invalid as being in contravention of the constitutional provision that no person shall be deprived of life, liberty or property without due process of law.     It is admitted by the learned counsel for the respondents that an assessment without notice and an opportunity to be heard would be unconstitutional and illegal, but they insist that the rule is not applicable to the case at bar for the reason that both the statute and ordinance provided for the collection of the assessments by an action in a court of competent jurisdiction.     But while it may be that the mode prescribed for collecting these assessments would avoid the constitutional objections raised by appellant, as far as the mere question of notice is concerned, it nevertheless appears to us that the ordinance might well be deemed illegal and invalid on account of a departure from the statute upon which it purports to be based.     The section of the statute above mentioned declares that assessments of the character now under consideration shall be made upon the lots and lands fronting upon the

streets which are improved for the full depth thereof in proportion to benefits upon the property to be benefited, whereas the ordinance under which the assessments were made provided that the abutting property should be assessed for a distance of sixty feet back from the street. The real question, however, for us to consider and determine in this action is whether the appellant has brought himself within the provisions of the statute. It appears in the preamble to ordinance No. 655 that the city had theretofore attempted by action in the superior court to enforce the original assessments upon a portion of the property now in question, and that the assessments were declared illegal and void for certain reasons therein expressed. It also appears from the facts as found by the court that, in the case of *Thomas & Co. v. Olympia,* 12 Wash. 465 (41 Pac. 191), in which it was sought to recover the amount of certain city warrants issued for street improvements, the city alleged as one of its defenses to the action that the assessment theretofore made had been declared invalid by this court, and the superior court of Thurston county, and that on account of such decisions the city was proceeding at the time the answer was filed to make a new assessment upon the property benefited, for the purpose of collecting money to be placed in the special fund out of which the warrants could be paid. Upon this state of facts it would seem that the respondents are in no position to contest the validity of the original assessments, or to successfully defend this proceeding. The city ordinances are, in effect, laws which neither the city nor its council has any right to disregard. The council has said in the most solemn manner possible that the original assessments upon the streets in controversy were illegal and invalid, and, in accordance with its ordinances, the city has actually caused re-assessments to be made upon Union

street. The respondents therefore cannot be heard, in disregard of law and the facts appearing of record, to say that they have no right or power to grant the relief prayed for by appellant. In our opinion, the record clearly shows that it is the duty of the respondents to re-assess the property benefited by the improvements mentioned in the affidavit for the payment of the cost and expenses thereof. It is apparent that no one can be injured by such re-assessment. It was the intention of the city, when the assessment proceedings were originally commenced, that the cost of the improvements should be assessed upon and paid by the property benefited thereby. The improvements have been made in accordance with the original scheme of the city, and it is but just that the cost thereof should be paid accordingly.

The judgment is reversed and the cause remanded with instructions to issue a writ of mandate commanding the city, its mayor and council, to re-assess according to law, all of the property abutting on the various streets mentioned in appellant's affidavit, except Union street.

DUNBAR and REAVIS, JJ., concur.

GORDON, C. J., not sitting.