[No. 5571. Decided October 16, 1905.]

THE CITY OF PORT TOWNSEND, *Respondent,* v. THOMAS F. TRUMBULL *et al., Appellants.*[1]

TAXATION—FORECLOSURE OF TAX LIEN—PLEADING—OWNERSHIP AND INTEREST—COMPLAINT—SUFFICIENCY. The allegation, in a complaint to foreclose a tax lien, that certain of the defendants were the owners of the property in fee simple, is not open to the objection by the other defendants that they are thereby shown not to have any interest in the property.

SAME—APPEAL—INTEREST OF DEFENDANTS—RIGHT TO REVIEW. The defendants in a tax lien foreclosure, in order to object to the judgment upon appeal, must show that they are interested in the property

SAME—MATTERS OF PUBLIC RECORD—COMPLAINT—SUFFICIENCY. In an action to foreclose a tax lien, a motion to make the complaint more definite and certain by setting forth the proceedings, which are all matters of record, is properly denied.

SAME—LIMITATION OF ACTIONS—SPECIAL CHARTER PROVISIONS—CONSTRUCTION. Under the charter of the city of Port Townsend, providing that taxes levied thereunder shall have the effect of a judgment lien which should not be satisfied or removed until paid, the general statute of limitations for the commencement of actions does not apply to an action brought to foreclose the city's tax lien.

SAME—JUDGMENT—EXCESSIVE. A judgment foreclosing a tax lien is excessive where it exceeds the tax, penalty, and legal interest.

Appeal from a judgment of the superior court for Jefferson county, Hatch, J., entered July 9, 1904, upon findings in favor of the plaintiff, after a trial on the merits before the court without a jury, foreclosing a lien for taxes. Modified.

1 Reported in 82 Pac. 715.

*Trumbull & Trumbull,* for appellants.

*A. W. Buddress,* for respondent.

RUDKIN, J.—Plaintiff brought this action against the de-fendants to foreclose a lien for taxes levied by the plaintiff city against certain real property for the years 1892, 1893, and 1894. The complaint alleged that the real property in controversy was owned in fee simple by the defendants T. F. Trumbull and wife, and that the other defendants had or claimed some interest therein which was subordinate and subject to the tax lien. The defendants other than T. F. Trumbull and wife appeared and demurred to the complaint on the ground that the same did not state facts sufficient to constitute a cause of action. The demurrer was overruled and the demurring defendants elected to stand on their demurrer, and refused to plead further. The defendants T. F. Trumbull and wife moved to make the complaint more definite and certain by stating the time and manner in which the assessment roll was made and prepared, under and by virtue of what ordinances the proceedings took place, at what time and in what manner and under what ordinances the city council levied, assessed, and imposed the tax, and in what manner and under what ordinances a tax roll was made, certified, and delivered to the city treasurer for the collection of the taxes in suit. This motion was denied, and the defendants T. F. Trumbull and wife interposed a de-murrer on the ground that the complaint did not state facts sufficient to constitute a cause of action, and that the action was not commenced within the time limited by law. The demurrer was overruled, and the defendants answered over, denying certain allegations of the complaint. A trial was had, which resulted in a judgment in favor of the plaintiff as prayed in its complaint. From this judgment defendants have appealed.

The first error assigned is in behalf of the appellants other than T. F. Trumbull and wife. The only ground of this

assignment which is not common to the other appellants is that it does not appear from the complaint that these particular appellants have any interest in the property in suit. The complaint alleged that T. F. Trumbull and wife were the owners in fee simple of the property, and it is contended that this allegation precludes any interest in the other appellants. This objection is over-technical and without merit. Ownership in fee in one person is not inconsistent with a claim to the same property by another. If these appellants had no interest in the property in controversy, they are not affected by the judgment and will not be heard to complain. If they had any interest, it was their duty to set such interest forth by answer.

The first error assigned in behalf of T. F. Trumbull and wife is in the order denying the motion to make the complaint more definite and certain. The assessment rolls, ordinances, and other proceedings, which the appellant sought to require the respondent to set forth in detail, were all matters of public record, equally accessible to both parties, and the court did not abuse its discretion in denying the motion. *Ferry v. King County,* 2 Wash. 337, 26 Pac. 537.

The next error assigned relates to the ruling on the demurrer of T. F. Trumbull and wife. The sufficiency of a similar complaint and the defense of the statute of limitations were fully considered by this court in *Port Townsend v. Eisenbeis,* 28 Wash. 533, 68 Pac. 1045, and we must decline to reconsider the questions there decided. The demurrer was properly overruled.

We have considered the other assignments, and find them without merit, except the claim that the judgment is excessive. This exception must be sustained. The assessment rolls offered in evidence show the following taxes only: For the year 1892, $2.80; for the year 1893, $10.88; for the year 1894, $1.50. Add to these several amounts the ten per cent penalty for collection imposed by the city ordinance, and the legal rate of interest imposed by the city charter,

the total amount will not exceed the sum of $30.50. The judgment of the court below must be reduced to that amount and, as thus modified, the judgment is affirmed. In view of the small amount involved, and of the fact that this particular objection does not appear to have been called to the attention of the court below, neither party will recover costs on this appeal.

MOUNT, C. J., CROW, DUNBAR, ROOT, FULLERTON, and HADLEY, JJ., concur.