[No. 5696. Decided February 3, 1906.]

## C. W. WALDRON, *Relator, Respondent,* v. THE CITY OF SNOHOMISH *et al., Appellants.*[1]

MUNICIPAL CORPORATIONS — LOCAL IMPROVEMENTS — REASSESSMENTS—ACTION TO COMPEL—COMPLAINT—SUFFICIENCY. In an action to compel a reassessment to pay warrants for the cost of a municipal improvement, the assessment for which had been adjudged void, the complaint is not open to objection from having alleged that the first assessment was duly passed, or in failing to allege that it was void, where it is alleged that it was "adjudged void" by the superior court.

SAME—PARTIES WHO MAY MAINTAIN ACTION. Any holder of warrants issued in payment of local improvements, the assessments for which are invalid, is entitled to plead any former adjudication holding the assessments void, whether a party to the former proceeding or not.

MUNICIPAL CORPORATIONS — OFFICERS — PROCESS — NOTICE TO SUCCESSORS. In a proceeding against the mayor and members of a city council, duly served with process in their official capacity, to compel the performance of an official act, the service and notice applies to and binds their successors in office.

MUNICIPAL CORPORATIONS—ACTIONS—HOLDERS OF WARRANTS—ESTOPPEL. The holders of warrants given in payment of a local improvement, the assessments for which are declared void, are not estopped from insisting upon a reassessment by the acceptance of interest or partial payments on their warrants.

SAME—MANDAMUS TO COMPEL ASSESSMENT. The holders of warrants given in payment of a local improvement, the assessments for which are declared void, are entitled to a reassessment by a proper ordinance, and where this is refused, mandamus lies to compel the city officials to make such reassessment.

Appeal from a judgment of the superior court for Snohomish county, Denney, J., entered January 7, 1905, in favor of the relator, granting a writ of mandamus to compel the levy of a municipal reassessment for a local improvement. Affirmed.

*W. H. Abel, A. M. Abel,* and *John W. Miller,* for appellants.

*Frank D. Nash* and *Cooley & Horan,* for respondent.

1Reported in 83 Pac. 1106.

Root, J.—Relator instituted this proceeding to compel the city of Snohomish to make a reassessment, in order to pay certain special fund warrants held by him. From a judgment and decree directing such reassessment, this appeal is taken.

Appellants filed a motion to quash the writ, and later, a demurrer to the writ and application, said motion and demurrer being denied and overruled. Thereupon appellants made answer, presenting the following defenses: (1) Plea in abatement, alleging that the terms of office of G. L. Turner, as mayor, and F. S. Anderson and W. O. Dolsen, as councilmen, had expired, and that F. S. Anderson had succeeded Turner as mayor, and that H. D. James and Matt Albert were successors as councilmen to Anderson and Dolsen; (2) certain denials of allegations in the application and writ; (3) a plea of estoppel based on the acceptance by Palmer and Plaskett, the original owners of the warrants, of certain payments theretofore made; (4) a plea of laches to the effect that said Palmer and Plaskett and all subsequent holders, including relator, had full notice and knowledge of the alleged defects in the original assessment, and acquiesced therein for an unreasonable length of time.

The relator filed a reply controverting the affirmative defenses. Upon the trial, the relator moved the court to substitute as defendants E. L. Colburn, S. D. Dunn, and C. T. Mescher, in place of defendants F. M. Evans, C. D. Slater, and C. H. Crippen, whose terms of office as officials of said city had expired, which motion was granted. The original application alleged that the ordinance under which the work was done was "duly" passed. Appellants urge that, under this allegation, the relator could not be permitted to prove that the same was invalid. We think there is no merit in this contention. The application alleged that the ordinance, in an action in the superior court, was adjudged void and the proceedings thereunder held to be of no validity or effect. Appellants contend that this allegation was insufficient as it

does not show that said adjudication was "duly or regularly given or made," under the provisions of the statute, and does not state who were the parties thereto. We do not think this contention can be sustained. These were matters of evidence. Appellants claim that the petition alleges the original ordinance to have been "adjudged void," but does not affirmatively allege that it was actually void. This contention has nothing to commend it.

It is urged that the former adjudications, wherein said original assessment ordinance and a reassessment ordinance were held to be invalid, were binding only upon the parties and their privies. Under the statutory provisions for reassessments, any person holding warrants is entitled to plead any former adjudications holding void the assessments made to pay for the work on account of which his warrants were issued. The right is not confined to the parties to that particular action and their privies or successors in interest.

The original application and alternative writ ran against G. L. Turner, as mayor, and F. M. Evans and C. H. Crippen and C. D. Slater, as councilmen. Upon the trial the substitution was made as aforesaid. It does not appear that the writ was served upon the substituted parties, or that a demand was made upon them after coming into office, and it is urged by appellants that judgment could not be taken against them. We do not think this position tenable. The object of this proceeding was to compel the doing of an official act. The original defendants were sued in their official capacity, and the effect of any service and of any notice made upon them as such officials applied to and was binding upon their successors in office to the same extent as if they had continued in office. The successors assumed the offices held by their predecessors *cum onere*.

We do not find anything in the record or evidence touching the payments accepted by said Plaskett and Palmer which should be construed as constituting an estoppel as against them or their successors in interest. As the holders of war-

rants, they were entitled to receive such payments as the city saw fit to tender. That they accepted money from the city, collected under these ordinances, in payment of part of their warrants, furnishes no reason that would forbid a proceeding in mandamus to compel the city authorities to take appropriate action for collecting the money necessary to make the payment of the other warrants which they held.

The original ordinance providing for the improvement made was invalid. Several reassessment ordinances were subsequently adjudged by a court of competent jurisdiction to be void. This being true, the relator, as the holder of warrants given in payment for the improvement in question, was entitled to have a proper ordinance for reassessment passed by the proper city officials; and when they refused to do this, his right to a writ of mandate against them accrued. As bearing upon some of the questions involved herein, and especially as authority for a judgment and decree directing a reassessment, we may cite the following cases: *Abernethy v. Medical Lake,* 9 Wash. 112, 37 Pac. 306; *Frederick v. Seattle,* 13 Wash. 428, 43 Pac. 364; *Cline v. Seattle,* 13 Wash. 444, 43 Pac. 367; *State ex rel Hemen v. Ballard,* 16 Wash. 418, 47 Pac. 970; *Phillips v. Olympia,* 21 Wash. 153, 57 Pac. 347; *Port Angeles v. Lauridsen,* 26 Wash. 153, 66 Pac. 403; *Wasmund v. Harm,* 36 Wash. 170, 78 Pac. 777.

We think the judgment of the superior court should be affirmed, and it is so ordered.

MOUNT, C. J., CROW, RUDKIN, FULLERTON, HADLEY, and DUNBAR, JJ., concur.