[No. 7291. Decided June 2, 1908.]

THE CITY OF OLYMPIA, *Respondent*, v. MRS. J. D. KNOX, *Appellant*.[1]

MUNICIPAL CORPORATIONS—PUBLIC IMPROVEMENTS—REASSESSMENTS —LIMITATIONS—ESTOPPEL—LACHES. Under a statute authorizing a reassessment after the original assessment has been found invalid, which fixes no limitation as to the time within which the reassessment shall be made, a city is estopped to make a reassessment eleven years after the original assessment was declared void upon objection made by the city in actions brought against the city; since the delay was unreasonable.

Appeal from a judgment of the superior court for Thurston county, Linn, J., entered February 17, 1908, upon findings in favor of the plaintiff, after a trial on the merits before the court without a jury, in an action to foreclose a local assessment lien. Reversed.

[1]Reported in 95 Pac. 1090.

*Troy & Falknor, Vance & Mitchell,* and *G. C. Israel,* for appellant.

*George R. Bigelow* and *William W. Manier,* for respondent.

Root, J.—This action was brought to foreclose a lien on certain lots of appellant, in the city of Olympia, for a special assessment levied on account of the grading of Third street. From a judgment and decree in favor of the city, this appeal is prosecuted.

The grading was done in 1891, and a special assessment to pay therefor was confirmed by the city council January 26, 1892. In 1904 a reassessment was made upon these lots, and to enforce such reassessment the present action was instituted on the 19th of June, 1907. Appellant pleads the statute of limitations, and urges that the reassessment was not made in due time. Respondent contends that there is no statute or other law limiting the time within which a reassessment may be made and that, in view of the circumstances surrounding this case, the reassessment herein was levied within in due time and is enforcible. We will notice certain proceedings which were thought to have a bearing upon the questions before us. The grading was done and the original assessment made under Ordinance No. 495. Shortly thereafter, certain proceedings were instituted in the superior court to foreclose special street assessments believed to be identical or similar to that made upon these lots. One of these suits was that of Olympia v. Owings, which resulted in favor of the defendant by a judgment entered January 27, 1893. In 1895, Thomas & Company, a corporation, brought an action against the city to compel it to collect the amount of the original assessment. In this action the city defended upon the ground that the original assessment was invalid, and prevailed. In 1897 Phillips, as receiver of the First National Bank, insituted an action to compel the city to proceed to reassess. In this case the city sought to assert the validity of the original assessment, but this court held that it was estopped from asserting

the validity of such assessment by reason of having, in the Owings case, and on other occasions, urged that said assessment was invalid. *Phillips v. Olympia*, 21 Wash. 153, 57 Pac. 347. This decision was rendered in 1899. In March, 1893, the legislature enacted a statute authorizing a reassessment of property for special benefits where it should be found that a former assessment was invalid. The reassessment statute contains no limitation as to the time within which a reassessment is to be made, and the respondent urges that no limitation as to time is in any manner placed upon the city in making such reassessment, and relies particularly upon the cases of *Port Townsend v. Eisenbeis*, 28 Wash. 533, 68 Pac. 1045, and *Port Townsend v. Trumbull*, 40 Wash. 386, 82 Pac. 715.

Notwithstanding the excellent brief and able argument of the attorneys for respondent, we are unable to agree with the conclusion reached by the honorable superior court. The statute of 1893 permitted a reassessment to pay for this grading which had been done about two years prior to that time. It is suggested by respondent that the city authorities were in error in supposing the original assessment to have been void, and that the decision of the courts upon which the city authorities apparently relied were upon assessments essentially different from the original assessment herein, and did not constitute authority for holding that this original assessment was invalid. As an original proposition, there would perhaps be some force in this contention; but the city, *in defending* one or more actions brought against it in the courts, solemnly asserted the invalidity of such original assessment and prevailed upon such contention, and this court in the *Phillips* case held the city estopped to turn about and assert the validity of that assessment. If the city was at that time estopped to make such contention, it would seem to be clearly so estopped now. Having prevailed in the *Owings* case upon that defense, the judgment in which case was entered January 27, 1893, it would seem that there was no reason why the city

should not have been at liberty to proceed with the reassessment immediately upon the passage of the reassessment law in March, 1893. However, it did not make any reassessment until 1904, eleven years after it was authorized to reassess, and thirteen years after the work had been done.

To fix a definite time within which a reassessment should be levied in order to be deemed to have been made within a reasonable time, is not without difficulty. Various facts and conditions must be taken into consideration, and it is well-nigh impossible to lay down any definite rule; and we think that the courts should hesitate to question the action of the city council in determining how soon they should make a reassessment. But this cannot be carried to the extent of ignoring the rights of others. In this case, taking into consideration all the conditions and circumstances shown by this record, we do not find justification for the long delay indulged in by the city before making this reassessment. We do not think, under the circumstances here shown, that this reassessment was made within a reasonable time. We think, on the other hand, that it was unreasonable to defer the same for eleven years. This being true, the reassessment was invalid and cannot be enforced.

The judgment of the honorable superior court is reversed, and the cause remanded with instructions to dismiss the action.

HADLEY, C. J., DUNBAR, FULLERTON, RUDKIN, CROW, and MOUNT, JJ., concur.