[No. 15649. Department One. March 1, 1920.]

*In re Reassessment of* SECOND SCHOOL ADDITION, TACOMA.

THE STATE OF WASHINGTON, *Appellant,* v. THE CITY OF TACOMA, *Respondent.*[1]

MUNICIPAL CORPORATIONS (209, 270)—IMPROVEMENTS — REASSESSMENTS—STATE PROPERTY. Under Rem. Code, § 7892-36, authorizing a city to issue and sell certificates of delinquency upon the nonpayment of local improvement assessments, assignments of which carry a lien against private property assessed, the state cannot object to a reassessment of its property (required by want of notice), on the ground that there is no lien on state property; since the statute provides the method of paying assessments for local improvements upon state property, and the intent of the act is to subrogate the purchaser of certificates to the rights of the city as to unpaid installments.

SAME. Under Rem. Code, § 6876, providing for the assessment of state property for local improvements in the same manner as other property, and § 7892-42, and § 7892-43, providing for reassessments with "accrued interest," in case of invalidity, a reassessment against state property may include interest, especially in view of § 6877, providing for the payment of state assessments, with interest at six per cent.

Appeal from a judgment of the superior court for Pierce county, Card, J., entered September 22, 1919,

[1] Reported in 187 Pac. 1092.

confirming a local improvement assessment, upon appeal from the city council.  Affirmed.

*The Attorney General* and *Glenn J. Fairbrook, Assistant,* for appellant.

*U. E. Harmon, Frank M. Carnahan,* and *Burns Poe* (*T. L. Stiles,* of counsel), for respondent.

MAIN, J.—This is an appeal by the state from a judgment of the superior court confirming a local improvement reassessment against certain state property, in the city of Tacoma.  On April 21, 1909, an ordinance was passed by the city council providing for the improvement of certain streets by grading and sidewalking.  The cost of the improvement was to be paid by special assessment, and it was provided that local improvement bonds should be issued, the bonds to be payable in five equal annual installments, together with interest.  The improvement was made, an assessment roll was prepared, and for reasons which are not here material was held invalid.  Thereafter and on April 27, 1910, an ordinance was passed, providing for reassessment of the property benefited. The state was the owner of one-half of each of two blocks in the improvement district.  This state property at the time was under contract of purchase by one W. V. Hawley.  As the annual installments of the assessment became due, they not being paid, the city made a sale of the installment to certain persons, and in some instances purchased the certificate of sale itself.  On August 4, 1917, the state cancelled the contract with Hawley, because of his failure to meet the payments of principal and interest.  On the 5th day of June, 1918, the city council passed an ordinance providing for reassessment of the property owned by the state in the improvement district, for the reason

that the prior assessment was void because notice had not been given to the state land commissioner, as required by Rem. & Bal. Code, § 6877. The state land commissioner, by the *Attorney General,* appeared and protested in writing against this reassessment, notice thereof having been given him as required by law. The city council overruled the objection and confirmed the reassessment roll. From this, the state appealed to the superior court, and as above stated the roll was there approved.

The cause is brought here for review. The first question is, whether the council had a right to make the reassessment here in controversy. The appellant argues that, since the reassessment was for the benefit of the purchasers at the annual installment sales under the previous void assessment, they had no power to make a reassessment. Section 36 of the act relating to local improvements in cities and towns, Laws of 1911, ch. 98, p. 465 (Rem. Code, § 7892-36), provides that:

"Any city or town may, by general ordinance, provide for the issuance of certificates of delinquency for any and all delinquent assessments, or installments thereof, heretofore or hereafter levied, and any penalty and interest thereon to date of issuance. Such certificates of delinquency shall constitute a lien against the property upon which such assessments were levied, and shall bear interest from the date of issuance thereof at the rate of fifteen per cent (15%) per annum, and may be foreclosed after two years from the date of their issuance in the same manner and with the same effect as mortgages upon real estate are foreclosed. Such certificates may be issued to the city, or may be sold to any person applying therefor. They may be assigned in writing, and the city may sell and assign any and all certificates which may be issued to it upon the payment of the value thereof in principal and accrued interest, in cash."

This section of the statute authorizes the city, by general ordinance, to provide for the issuance of certificates of delinquency. It provides for two methods of sale; one, upon the foreclosure of the certificate in the same manner and with the same effect as mortgages upon real estate are foreclosed; the other, the issuance and sale of certificates to any person applying therefor. Section 39 gives the purchasers at any sale authorized in the act a lien on the property bid in by him for the amount paid at such sale. The purchasers for whom the reassessment is sought to be made in this case did not purchase the property at a foreclosure sale. They are persons who purchased the annual installments as they became due or who took by assignment from the original purchasers that purchased, not the property .itself, but certificates which were evidence of a lien on the property for the delinquent assessments.

In *Mathews v. Wagner*, 49 Wash. 54, 94 Pac. 759, it was held that the holder of delinquent certificates, issued by a city for the overdue installments of local improvement assessments, is subrogated to the rights of the city as to liens therefor upon the land, and may assert the liens against an action to quiet title.

Under the holding in *Waldron v. Snohomish*, 41 Wash. 566, 83 Pac. 1106, the bondholders, if they had not been paid, would have had a right to compel a reassessment. The statute contemplates that the purchasers at the annual installment sales shall have a lien and in this respect are placed in the same position as would be the bondholders. But it is said that there is no lien upon state property, which will be admitted. The statutes provide the means or the method by which assessments for local improvements upon state property may be paid. As the purchaser of the

certificate has a lien upon private property as the statute specifies, it indicates a legislative intention to subrogate him to the same rights that a bondholder would have.

To hold that the state could defeat the reassessment because there was no lien upon state property would be to defeat a just cause by resorting to technical reasoning. There is no claim in this case that the state's property was not benefited to the full amount for which it was assessed.

Had the persons for whom this reassessment has been made been purchasers of the property itself at a sale upon foreclosure made in the same manner that mortgages upon real estate are foreclosed, a different question would be presented, upon which we express no opinion.

The cases cited from other jurisdictions holding that there can be no reassessment for the benefit of a purchaser of the property at a tax sale or foreclosure thereof when the original assessment was void, are not applicable to the facts in this case.

The next question is, whether the state, upon the reassessment, can be charged with interest. Section 6876, Rem. Code, provides that, in all local improvement assessment districts in any incorporated city, property in such district, other than tide lands, owned by the state shall be assessed and charged for its proportion of the cost of "such local improvements in the same manner as other property in such district." Here is a provision that state property shall be assessed in the "same manner as other property." Section 7892-42, Rem. Code, provides for reassessment in all cases where their former assessments were invalid in whole or in part, for insufficiency, informality, irregularity, or nonconformity with the provisions of the law. The following section, 7892-43, provides for

the reassessment to include "accrued interest thereon."

Referring to these two sections in *Van Der Creek v. Spokane,* 78 Wash. 94, 138 Pac. 560, it was said: "In §§ 42 and 43 of the Laws of 1911 (3 Rem. & Bal. Code, §§ 7892-42, 7892-43), the legislature has made it clear that a reassessment shall include accrued interest."

Since state land is to be assessed in the same manner as other property, it would seem reasonably to follow that such land could be reassessed for the cost of the improvement, including accrued interest. The legislature, however, has made this plain; for, in § 6877, Rem. Code, which is one of the sections in the chapter headed, Local Improvement Assessment of State Lands, it is provided that the legislature "shall provide for the payment of the same, with interest, by appropriation out of the general fund of the state." In the same section is this provision: "No interest on the assessment levied to pay for said improvement greater than six per cent per annum shall be taxed to, or allowed by, the state for or on account of making such improvement." The right of the city to make the reassessment existed and the interest included being not greater than six per cent per annum, the judgment will be affirmed.

HOLCOMB, C. J., PARKER, MACKINTOSH, and MITCHELL, JJ., concur.