[No. 17424. Department Two. March 8, 1923.]

MORRIS LABUSKY, *Appellant,* v. THE CITY OF CLE ELUM *et al., Respondents.*[1]

MUNICIPAL CORPORATIONS (270)—PUBLIC IMPROVEMENTS—PETITION —REASSESSMENTS—POWER TO LEVY—STATUTES—CONSTRUCTION. A city is not authorized to make a reassessment under Rem. Comp. Stat., § 9395, where the original assessment of disconnected streets, was set aside because it was not initiated by a petition of 60% of the lineal frontage and 75% of the area of each subdistrict, as required by Id., § 9365, enacted subsequently to § 9395.

Appeal from a judgment of the superior court for Kittitas county, Griffiths, J., entered July 29, 1922, upon sustaining a demurrer to the complaint, dismissing an action to enjoin the collection of an assessment for a public improvement. Reversed.

*George E. Canfield,* for appellant.

*J. V. Hoeffler* and *Eugene E. Wager,* for respondents.

FULLERTON, J.—The appellant, Morris Labusky, brought this action against the city of Cle Elum and

[1] Reported in 213 Pac. 474.

its officers to restrain them from collecting an assessment made against his property by the city named under the local improvement district acts. A demurrer was sustained to his complaint, and on his election to stand on the complaint, his action was dismissed. This appeal is from the judgment of dismissal.

The statute relating to local improvements in cities and towns is found in ch. 22, Rem. Comp. Stat. Section 9365 thereof contains the following provision:

"Any number of disconnected streets or disconnected groups of streets may be included in one local improvement district: Provided, however, that such improvement shall be initiated only by petition signed by the owners of sixty (60%) per cent of the lineal frontage and seventy-five (75%) per cent of the area of each of the subdistricts comprising such local improvement district."

The improvement here in question included disconnected streets and disconnected groups of streets, and was not initiated by petition of the property owners, but by a resolution of the city council. After the improvement was completed, the city caused a levy to be made upon the property benefited for the costs of the improvement, and after due notice confirmed the assessment. An appeal was taken from the action of the council by the property owners affected to the superior court of the county in which the city named lies, and that court set aside the assessment on the ground that it was void because initiated by resolution instead of by petition.

After the adjudication of invalidity was entered, the city made a reassessment of the property, pursuant to § 9395 of the same chapter of the code. This section, in so far as it is material here, reads as follows:

"In all cases of special assessments for local improvements, wherein said assessments have failed to

be valid in whole or in part for want of form or insufficiency, informality, or irregularity or nonconformance with the provisions of law, charter or ordinance governing such assessments in any city or town, the council of any such city or town shall have power to reassess such assessments and to enforce their collection in accordance with the provisions of law and ordinance existing at the time the reassessment is made. . . .

"Whenever any assessment for any local improvement in any city or town, whether the same be an original assessment, assessment upon omitted property, supplemental assessment or reassessment, heretofore or hereafter made, has been or may hereafter be declared void and its enforcement [refused] by any court, or for any cause whatever has been heretofore or hereafter may be set aside, annulled or declared void by any court, either directly or by virtue of any decision of such court, the council of such city or town shall make a new assessment or reassessment upon the property which has been or will be benefited by such local improvement, based upon the actual cost of such improvement at the time of its completion."

It is this reassessment that is attacked in the present proceeding.

While the compiler of the statutes from which we have cited has arranged the sections thereof in logical sequence, an examination of the several acts of the legislature which form this chapter of his code will show that the reassessment statute (§ 9395) was taken from the legislative enactment of 1911 (see Laws of 1911, p. 468, § 42); while the statute limiting the power of the city to improve disconnected streets and groups of streets (§ 9365) was enacted at the legislative session of 1915. See Laws of 1915, p. 527, § 2. In other words, the limiting statute was enacted subsequently to the reassessment statute.

This court has many times upheld a reassessment made under the statute cited and the statute which the cited statute superseded, but they have all been

instances where the original assessment failed because
of a want of compliance by the assessing officers with
the existing laws, or where the statute under which the
original proceedings were had proved defective and the
reassessment statute was enacted as a. curative or
remedial statute. *Frederick v. Seattle,* 13 Wash. 428,
43 Pac. 364; *Cline v. Seattle,* 13 Wash. 444, 43 Pac.
367; *Lewis v. Seattle,* 28 Wash. 639, 69 Pac. 393; *Waldron v. Snohomish,* 41 Wash. 566, 83 Pac. 1106; *Allen
v. Bellingham,* 77 Wash. 469, 137 Pac. 1016; *Triangle
Traders v. Bremerton,* 89 Wash. 214, 154 Pac. 193.

In the present instance these conditions are not
present. Here the legislature, after enacting a general
reassessment statute, enacted a new statute applicable
to a special situation; that is to say, it provided that,
where it was desired to improve disconnected streets,
or disconnected groups of streets in one improvement
district, the proceeding must be initiated by petition
"signed by the owners of sixty per cent of the lineal
frontage and seventy-five per cent of the area of each
of the subdistricts comprising such local improvement
district."

It is at once apparent, of course, that if the reassessment statute is held to be operative, the later statute
is rendered nugatory. To escape its requirements, all
the city council would have to do in any instance is to do
what it did do in this instance, ignore the requirements
of the statute with reference to initiating the improvement by petition of the property owners, proceed on its
own initiative, and when its action is declared void
by the courts, make a reassessment. But it is not to
be supposed that the legislature intended by the enactment of the statute to do an idle and useless thing;
on the contrary, it must be presumed that it intended
the act to be operative; that it intended, in the specified
instance, that there could be no improvement at the

expense of the property owners unless such owners of themselves initiated the proceedings.

We hold, therefore, that the later statute excepted from the operation of the reassessment statute improvements of disconnected streets and disconnected groups of streets, unless the improvements be initiated by the petition of the property owners.

The judgment is reversed, and remanded with instructions to reinstate the case and overrule the demurrer.

MAIN, C. J., TOLMAN, and PARKER, JJ., concur.