W. V. JACOBS et al.

v.

THE CITY OF CHICAGO.

*Opinion filed February 22, 1899—Rehearing denied April 7, 1899.*

1. SPECIAL ASSESSMENTS—*when ordinance is invalid for insufficient description.* An ordinance providing for the curbing of a street with a "granite concrete combined curb and gutter," to be "laid in alternate blocks six feet in length and six inches in thickness," is invalid, where there is nothing showing the width of the blocks or height of the curb. (*Holden v. City of Chicago,* 172 Ill. 263, followed.)

2. APPEALS AND ERRORS—*one against whose property judgment of confirmation was refused cannot bring error.* Parties against whose property judgment of confirmation was refused cannot bring a writ of error or join with others whose property was included in the judgment of confirmation.

WRIT OF ERROR to the County Court of Cook county; the Hon. ORRIN N. CARTER, Judge, presiding.

WILLIAM F. CARROLL, for plaintiffs in error.

CHARLES S. THORNTON, Corporation Counsel, JOHN A. MAY, and ARMAND F. TEEFY, for defendant in error.

Mr. JUSTICE BOGGS delivered the opinion of the court:

This is a writ of error sued out to bring in review in this court a judgment confirming a special assessment levied for the purpose of defraying the cost of curbing, paving and grading St. Lawrence avenue, Champlain avenue, and other avenues and streets in the city of Chicago, pursuant to an ordinance adopted by the city council of the said city on the fourth day of May, 1896. The ordinance provides for the curbing of said avenues and streets with a "granite concrete combined curb and gutter," to "be laid in alternate blocks of six feet in length and six inches in thickness." The dimensions of the said blocks are not otherwise specified, nor can the height of the curb be in any manner determined from the descrip-

tion of the improvement in the ordinance. In this respect the ordinance is not distinguishable from that which we declared invalid in *Holden* v. *City of Chicago*, 172 Ill. 263.

It appears from the judgment of confirmation that objections were filed against the application for confirmation as to certain specified premises and that judgment was rendered only against the premises as to which no objections were filed. The writ of error is prosecuted in behalf, among others, of M. A. Whitney, Mary W. Jacobs, W. J. Whipple, George A. Hikes, Jr., and J. R. Jackson. The judgment of confirmation recites the premises for which objections were made and filed, and which were excepted from the judgment entered against the other premises embraced in the application for the judgment. It appears from a schedule attached to and made a part of the assignment of errors in this court, that said plaintiffs in error above named are the owners of tracts which were objected for in the county court and against which judgments were not entered in that court. It appearing that a judgment was not entered against the property of any of said specified plaintiffs in error there is nothing upon which the writ can operate, and the writ as to them, and each of them, must be dismissed.

In default of objection judgment was entered against the property of the plaintiffs in error other than those above named. The ordinance upon which such judgment is based is insufficient for the reason hereinbefore indicated, and the judgment so entered in default of objections is reversed as to the property of the plaintiffs in error who, as before said, did not appear in the county court.

The writ is dismissed as to certain plaintiffs in error and the judgment reversed and the cause remanded as to others.      *Reversed and remanded.*