[S. F. No. 876.   In Bank.—September 19, 1899.]

JOSEPH WESTALL, Respondent, v. LUDWIG ALTSCHUL,. Appellant.   GERMAN SAVINGS AND LOAN SOCIETY et al., Respondents.

New Street Assessment—Final Judgment Invalidating Prior Assessment—Limitation.—A new street assessment cannot be made prior to a final judgment of a court defeating a prior street assessment for defects or illegality therein; and the special limitation of three months thereafter in which to make the new assessment begins to run from the entry of the final judgment invalidating the prior assessment.

Id.—Decision upon Appeal—Award of New Trial—Invalid New Assessment.—A decision as to the invalidity of a street assessment made upon appeal from a judgment of foreclosure, by which the judgment was reversed and a new trial awarded, has the legal effect to vacate the judgment and leave the case standing for trial in the superior court; and a new assessment made more than three months after the reversal, and prior to a dismissal or other final disposition of the cause pending in the superior court, is invalid.

Id.—Pleading—Separate Defenses—Inconsistent Allegations.—An answer to the complaint for the foreclosure of the new assessment, setting up, in separate defenses, a denial of the assessment, a plea of a pending suit upon the prior assessment, and a plea of special limitation of the lapse of three months after rendition of final judgment in the supreme court before the new assessment was made, is not objectionable, because of inconsistency of the defenses; and the defendant cannot be deprived of the benefit of inconsistent allegations set up in the separate defenses.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco and from an order denying a new trial.   D. J. Murphy, Judge.

The facts are stated in the opinion of the court.

Sullivan & Sullivan, for Appellant.

J. C. Bates, for Plaintiff, Respondent.

W. S. Goodfellow, for German Savings and Loan Society, Respondent.

Gunnison, Booth & Bartnett, for Pacific Paving Company, Respondent.

TEMPLE, J.—Action to foreclose a street assessment lien. Altschul, who was the owner of the lot, appeals from a judgment against him and from an order refusing a new trial.

James Ryan, the assignor of plaintiff, and the contractor, brought suit upon a prior assessment, in which he recovered judgment, from which and from an order denying a new trial Altschul appealed, and in this court the judgment and order were reversed and a new trial ordered. A new assessment having been made, plaintiff, as assignee of Ryan, brought this action, in which he recovered judgment, from which and from an order refusing a new trial this appeal was taken.

Several points are made, but two of which it will be necessary to notice, and they may be considered together. After the *remittitur* was received and filed in the case of *Ryan v. Altschul* no new trial was had, but that case was finally dismissed on motion of the plaintiff. Before such dismissal, however, the new assessment was made, and this action to foreclose the lien was commenced. It is now contended that no new assessment could be made until after final judgment had been entered in the suit upon the first assessment, and, further, to justify a new assessment it must affirmatively appear from the judgment-roll that such action was defeated by reason of some defect, error, informality, omission, irregularity, or illegality in the assessment. (Stats. 1889, p. 167.) The statute reads: "Whenever it shall appear by any final judgment of any court of this state that any suit brought to foreclose the lien," et cetera, has been defeated by reason of such defects, "any person interested therein may, at any time within three months after the entry of said final judgment, apply to the superintendent of streets" for another assessment. It is certainly a very crude and, so far as I can see, a very unwise law. It would not necessarily appear by a final judgment that the suit was defeated on that ground rather than on some other objection made by defendant, and why, after the assessment had been finally adjudged void, should the plaintiff be required to prosecute his action to an inevitable judgment against himself before he is entitled to a new assessment? And

yet it is so plainly written in the law, and the special limitation begins to run from "the entry of said final judgment." If the statute were less explicit, we should endeavor to conclude that the determination of this court, although a new trial was awarded, was such final adjudication. It certainly was final upon the only material matter—the validity of the assessment. But here we are precluded from applying such a rule, for plainly the assessment cannot be made until after the final judgment, and the plaintiff or his assignor did not dismiss the former suit, thereby acquiescing in the decision and making the determination end in a final judgment before the assessment. Until then we cannot say that the plaintiff did not hope, by new evidence, to show an assessment which would be valid. And the new assessment was not made within three months after the reversal of the judgment in the supreme court.

The respondent contends that defendant in his answer avers that the assessment was defeated by final judgment in the supreme court. There is no such averment in the second defense, as respondent inadvertently asserts. But if there were we should construe the reversal of a judgment and of an order refusing a new trial according to its legal effect, which is to vacate the judgment and leave the case standing for trial. The third separate answer and defense was intended to meet the possible position that the judgment in the supreme court was a final judgment within the meaning of the statute, and it avers that no assessment was made within three months after its rendition. It is a plea of the special limitation provided in the statute. If in that separate answer the defendant avers that the judgment of the supreme court was a final judgment, this does not deprive him of the benefit of the other inconsistent allegations set up in separate defenses.

In the first defense he attempts to deny that an assessment had been made. In the second he sets up the first suit and avers that it is still pending, and that no judgment has been entered therein. The averment in the third defense does not answer these issues.

It follows that the assessment was void, and the judgment and order are reversed.

McFarland, J., Van Dyke, J., Garoutte, J., and Henshaw, J., concurred.

Justice Harrison, deeming himself disqualified, did not participate in the above decision.

Rehearing denied.