E. F. GORTON *et al.*

*v.*

THE CITY OF CHICAGO.

*Opinion filed February 18, 1903.*

1. SPECIAL ASSESSMENTS—*effect where an ordinance passed prior to 1897 is held defective.* A special assessment ordinance passed under the law as it existed prior to the Local Improvement act of 1897, if subsequently held to be defective, may, under section 58 of such act of 1897, be corrected by passing a new ordinance and making a new assessment.

2. SAME—*estimate of cost is unnecessary if improvement is completed.* In making a new assessment for improvement already completed the city is not required to do unnecessary things, such as the appointing of commissioners to make an estimate of cost.

3. SAME—*effect where judgment annulling assessment does not remand.* If a confirmation judgment is annulled by a judgment of the Supreme Court, it is the duty of the city, under sections 57, 58 and 60 of the Improvement act of 1897, to make a new assessment, whether the cause was remanded or not.

4. APPEALS AND ERRORS—*Supreme Court will not search for defects to sustain general objections.* On appeal from a judgment of confirmation the Supreme Court will not search through the specifications to find support for general objections that the ordinance is defective in its description of the improvement.

APPEAL from the County Court of Cook county; the Hon. ORRIN N. CARTER, Judgè, presiding.

WILLIAM F. CARROLL,. WILLIAM J. DONLIN, and HILLIS & MCCOY, for appellants.

EDGAR BRONSON TOLMAN, (CHARLES M. WALKER, and ARMAND F. TEEFY, of counsel,) for appellee.

Mr. JUSTICE WILKIN delivered the opinion of the court:

The parties appellant in this case are those who were parties appellant in the cases of *Jacobs* v. *City of Chicago,* 178 Ill. 560, *Libbey* v. *City of Chicago,* 187 id. 189, and *Jarrett* v. *City of Chicago,* 181 id. 242. Those were writs of error seeking to reverse judgments of confirmation in special assessment proceedings in the city of Chicago for the improvement of certain streets, known as the St. Lawrence avenue system, under the law of 1872 and its amendments. The judgments of confirmation were reversed here upon the ground that the ordinance upon which they were based, passed in 1896, was defective in failing to specify the height of the curb. By the act in force July 1, 1897, the law respecting special assessments for local improvements was revised and materially changed and all prior laws in conflict therewith were expressly repealed, with a provision that the prior

laws should control as to proceedings pending when the act of 1897 took effect. The language of the repealing clause of the act of 1897, as amended by the act of 1901, (Hurd's Stat. 1901, p. 400,) is as follows:

"Sec. 99. *Repeal of conflicting acts.—Pending cases.—Reservations.*] All acts, and parts of acts, in conflict with this act, are hereby repealed: *Provided*, that the laws subsisting at the time of the taking effect of the Local Improvement act of June 14, 1897, shall continue to apply to all proceedings for the condemnation of lands, or the confirmation of special assessments or special taxes for local improvements, which were pending in any court in this State at the time of the taking effect of the Local Improvement act of June 14, 1897, and to all proceedings for the collection of any deficiency under past levies already made under any laws existing at the time of the taking effect of the Local Improvement act of June 14, 1897; and also to all proceedings for new assessments made in lieu of others annulled before the act concerning local improvements of June 14, 1897, took effect, by order of some court. When any installment of an assessment confirmed under prior acts shall mature, proceedings to return the same delinquent, and to collect the same shall conform to the provisions of this act. Where proceedings for local-improvements to be made by special tax or special assessment, shall have been instituted, when this act shall take effect, and where the assessment provided for therein has not been confirmed by any court, all future proceedings thereunder shall be as herein provided, with the same effect as if such proceedings had been commenced in accordance with the provisions herein provided," etc.

Objections had been presented by appellants to the confirmation of the assessment under the ordinance of 1896, and they were overruled, judgments were entered and no appeal was prosecuted. The judgments were entered prior to July 1, 1897, when the new law went into

effect.   Afterwards, in 1898 and 1899, appellants prose-
cuted the three writs of error to this court above set
forth.  These three cases being remanded for further pro-
ceedings, the city council of Chicago passed a new or sup-
plemental ordinance July 1, 1901, making an entire new
assessment as to all property affected by the improve-
ment, (the work having been already completed,) cred-
iting to each property owner what he had paid on the
original assessment.  Proceedings were then had to con-
firm the new assessment, at which time appellants again
filed objections, which were overruled, and they now
bring the cause to this court by this appeal, attacking
the validity of the new assessment.

The chief contention of appellants is, that whereas
the act of 1897 repealed all former laws in conflict there-
with, and made no provision for proceeding further with
the assessments made under the law of 1872 in cases
where they had been annulled after the passage of the
new act, therefore the court was without any authority
to proceed further in the collection of this assessment.
In other words, appellants' claim is that the law of 1872,
and its amendments, were repealed, and all assessments
made thereunder were annulled, absolutely, by the entire
and complete act of 1897, except cases pending in court
and kept alive by the saving clause, upon the theory that
where a law is repealed the methods of enforcement are
also repealed.  Whether these cases were pending, within
the meaning of the repealing clause of section 99, we do
not undertake to decide, because counsel on both sides
admit that they were not pending.

The new assessment was made under the authority
of sections 57, 58 and 60 of the act of 1897 as amended
by the act of 1901, which provides (sec. 57) that "if any
assessment shall be annulled by the city council or board
of trustees, or set aside by any court, a new assessment
may be made;" and (sec. 58) "no special assessment shall
be held void because levied for work already done under

a prior ordinance, if it shall appear that such work was done in good faith, by the contract duly let and executed, pursuant to an ordinance providing that such improvement should be paid for by special assessment or special tax. This provision shall only apply when the prior ordinance shall be held insufficient for the purpose of such assessment, or otherwise defective, so that the collection of the assessment therein provided for becomes impossible. A new or special ordinance shall in such case be passed, providing for such assessment, and such ordinance need not be presented by the board of local improvements." The "prior ordinance" contemplated by this section may be one which has been passed under the old law. There is nothing in the act of 1897 which purports to limit the scope of this section merely, and only to the making of new assessments in place of defective ordinances passed or assessments made under the law of 1897. Therefore, an ordinance passed under the law existing prior to 1897, if subsequently held to be defective, may, by the express provision of the act of 1897, be corrected by the passing of a new ordinance and the making of a new assessment. Instead of the law of 1872 being absolutely repealed by the law of 1897, as contended by appellants, it is only repealed in so far as it is "in conflict" with the latter act. The object and purpose of the new law are the same as the old. It imposes no new liability upon appellants, but merely affects the procedure against them in the collection of the special assessment. The old ordinance, upon which these assessments were originally based, passed in 1896, being defective, the new proceedings here instituted have the direct sanction of the new law. The contention that the court was without jurisdiction to entertain further assessment proceedings against the appellants' property is therefore without merit.

Counsel for appellants next contend that if this case is to be governed by the law of 1897, that law should be

followed throughout the entire proceeding,—the passage of the new ordinance, the appointment of commissioners to make an estimate, etc.   Section 60 of the act of 1897 provides that "if from any cause any city, village or town shall fail to collect the whole or any portion of any special assessment or special tax which may be levied, * * * the city council or board of trustees may, at any time within five years after the confirmation of the original assessment, direct a new assessment to be made upon the delinquent property for the amount of such deficiency and interest thereon from the date of such original assessment, which assessment shall be made, *as nearly as may be*, in the same manner as is herein prescribed for the first assessment."   Appellants do not point out wherein the city has failed to conform to the provisions of the act of 1897 "as nearly as may be."   The city is not expected, under a new assessment, to perform unnecessary acts.   The work having been already completed, an estimate of the cost thereof was not necessary to be made. That fact was known.

Our conclusion that the court had jurisdiction to confirm the new assessment renders it unnecessary to discuss many of the questions urged by counsel, inasmuch as such contentions are based on the theory that the new assessment was without authority of law.

It is said that several streets in this system, under the ordinance as it now exists, have no established grade, and that the nature, character, locality and description of the improvement are not correctly set forth.   The objection, as set forth in the appellants' argument, fails to point out wherein the ordinance is defective in these respects, and the court is therefore not bound to search through the specifications to find support for these general objections.

Many other objections were made below which are not urged in the argument of counsel and they will therefore be deemed to be waived.

The parties appellant here who were interested in the case of *Jarrett* v. *City of Chicago, supra,* make a separate contention in their own behalf that the writ of error in that case resulted in a judgment of reversal in this court without remandment, and therefore put an end to any further proceedings to collect any assessments against appellants for this improvement. While we do not agree with counsel that the final judgment in that case was not a·reversal and remandment, for the purposes of this case that question is wholly immaterial. The judgment in that case annulled the assessment previously made,— whether with or without remanding matters not,—and it thereupon became the duty of the city council, under sections 57, 58 and 60, *supra,* to proceed to make a new assessment.

The judgment of the county court will be affirmed.

*Judgment affirmed.*