[No. 5751.  Decided March 15, 1906.]

C. H. Frye, *Relator and Respondent,* v. The Town of
Mount Vernon *et al., Appellants.*[1]

MUNICIPAL CORPORATIONS—LOCAL IMPROVEMENTS—REASSESSMENTS
— WHEN TO BE MADE — MANDAMUS TO COMPEL — LIMITATION OF
ACTIONS.  The right of a city to make a reassessment for local im-
provements being barred by the statute of limitations by the lapse of
ten years after the first assessment is declared void, a proceeding by
the holder of warrants to compel the city by mandamus to make a
reassessment is barred by the lapse of the same length of time.

Appeal from a judgment of the superior court for Skagit
county, Joiner, J., entered January 31, 1905, upon findings
in favor of the plaintiff, after a trial on the merits, in a pro-
ceeding by a warrant holder to compel a city to make a re-
assessment to pay the cost of a local improvement.  Reversed.

*Dave Hammack* and *Smith & Brawley,* for appellants.
*Million & Houser,* for respondent.

Crow, J.—This is a proceeding by mandamus to compel
appellants, as councilmen of the town of Mount Vernon, to
reassess certain real estate for the purpose of creating a spe-
cial fund to pay outstanding warrants held by respondent,
which had been issued to pay for the improvement of Third
street, in said town, and which were unpaid for want of
funds.

Upon trial, the court, at the request of respondent, made
findings of fact from which it appears, that said town is a
municipal corporation of the fourth class; that appellants
are the elected, qualified, and acting members of the town
council; that on November 19, 1890, an ordinance was passed
directing the grading, and sidewalking of Third street; that
in pursuance of such ordinance, said street was graded and
sidewalked; that, for the purpose of paying the cost thereof,

1Reported in 84 Pac. 864.

an assessment was levied against the lots and lands abutting upon said street; that certain warrants held by respondent for the sum of $550.12, principal, were issued by said town in payment for said improvements; that said warrants were presented to the treasurer and by him indorsed, "Not paid for want of funds;" that on or about the 20th day of March, 1893, said town brought an action, No. 1841, to foreclose its assessment lien upon certain real estate on said street; said action being against Charles F. Whittlesey and wife, as owners of a lot subject thereto; that in said action the superior court of Skagit county, on November 9, 1893, adjudged said assessment to be void; that the relator is the owner and holder of the warrants mentioned in his affidavit, which are wholly unpaid; that relator had, at various times, demanded that the council make a reassessment, and that it delayed taking any action until December 21, 1904, when it refused to proceed. Exceptions were taken to most of these findings, but for the purposes of this opinion we will accept them as being sustained by the evidence.

Appellants requested certain findings, which were refused. We think the following facts requested by them should have been found by the trial court, and we now find the same from the evidence; that in said foreclosure action, No. 1841, prosecuted by said town against Whittlesey and wife, trial was had upon the issues joined; that plaintiff produced its evidence, after which the defendants moved for a nonsuit, and a judgment of nonsuit was entered on November 9, 1893; that more than eleven years have elapsed since the entry of said judgment; that neither the town of Mount Vernon nor any of the predecessors in office of appellants have ever taken any further action or proceedings to collect the relator's warrants, either by attempting to enforce the old assessment or by making a reassessment, which facts have always been well known to respondent; that on the 14th day of July 1897, respondent instituted in the superior court of Skagit county

an action upon the identical warrants upon which this application. is ·predicated; that in said action respondent alleged that the statute of limitations had run against the collection of said warrants by reassessment, and that said town was without power to collect the same; that all the owners of lots fronting on said Third street which would be liable for reassessment in case one is now made will plead the statute of limitations as a defense thereto, and that respondent has been guilty of laches and negligence, and has slept upon his rights for more than ten years. Conclusions of law were made in favor of respondent, and a final judgment was entered, directing a peremptory writ of mandate to issue, requiring appellants to make said reassessment. From said final judgment this appeal has been taken.

The only assignment of error we will consider is that the court erred in refusing to enter judgment in favor of appellants, this proceeding not having been commenced within the time limited by law. In discussing this question, it must be remembered that said street improvement was made about November, 1890; that the attempted special assessment made to pay its cost became delinquent September 3, 1891; that on March 9, 1893, in said cause No. 1841, said special assessment was adjudged to be void; that on July 14, 1897, respondent instituted his action No. 3203, to recover on his warrants, alleging that the town of Mount Vernon had wholly neglected to levy any assessment upon the property benefited by said improvement, had wholly failed to provide any fund for the payment of said warrants, and that it did not then have, and never had, any fund set aside or created for their payment; that it had never created or levied any valid assessment; that it had exhausted its power to make or levy an assessment; and that the time for the collection of an assessment against the property benefited by said improvement was barred by the statute of limitations. It will thus appear that on December 22, 1904, when respondent, as relator herein,

filed his original affidavit asking a writ of mandamus, a period of over thirteen years had expired since the original assessment now claimed to be invalid had become delinquent; that a period of more than eleven years had expired since, as respondent now claims, said original assessment was adjudged to be void, and a period of more than seven years had expired since respondent instituted his action upon his warrants. In his affidavit respondent, as relator below, utterly fails to allege or show that he did not at all times have actual notice or knowledge of all or any of these various proceedings.

In *Lewis v. Seattle,* 28 Wash. 639, 69 Pac. 393, this court, speaking by Fullerton, J., said:

"There is no special statute limiting the time for making a reassessment after the original assessment has been adjudged void, but, if it be admitted that the statute limiting the time in which an action may be commenced to enforce an assessment after it has been levied applies to the right of the city to make the assessment, the statute had not run between these dates, as the right of action is limited to ten years. Laws 1895, p. 270."

Appellants here insist upon their right to plead said statute of 1895 against this proceeding instituted by the respondent to secure a writ of mandate. It was shown by the evidence of owners of property subject to reassessment, that upon an attempt being made by the municipality to collect such reassessment, they will plead the statute of limitations. No question can arise but that a period of more than ten years has expired not only since the original pretended assessment became delinquent, but also since, as claimed by respondent, it was adjudged to be void. There must be some limit to the time within which a municipal corporation can be permitted or required to make a reassessment. In *State ex rel. Hemen v. Ballard,* 16 Wash. 418, 47 Pac. 970, a proceeding by mandamus to compel a reassessment, Gordon, J., said:

"The argument is that the collection of these assessments cannot be enforced by the city in a direct suit against the

abutting property, because the bar of the statute is complete. We are of the opinion that the statute of limitations does not begin to run until a right of action exists, and it follows from what has been already said that no right of action existed in the town of Ballard to enforce these assessments prior to the going into effect of the act of March 9, 1892, legalizing and validating the incorporation or reincorporation of cities and towns. That act had no emergency clause, and hence, under the constitution, did not go into effect until June 7, 1893. So that, clearly, the statute of limitations could not and did not begin to run until said last mentioned date, viz., June 7, 1893. It may be conceded that the statute of limitations then in force, as applied to actions to enforce assessments, required the action to be brought within two years. *Spokane v. Stevens,* 12 Wash. 667 (42 Pac. 123). But, by the passage of the act approved March 20, 1895, which by reason of its emergency clause went into effect on that day, it was provided that all actions to collect special assessments for local improvements of any kind, or to enforce any lien for special assessments, might be commenced 'within ten years after said assessment shall have become delinquent or due.' Session Laws 1895, p. 270."

See, also, *Bowman v. Colfax,* 17 Wash. 344, 49 Pac. 551.

In *Young v. Tacoma,* 31 Wash. 153, 71 Pac. 742, Hadley, J., said:

"The statute of limitations is also urged. The original assessment was confirmed in 1894. The limitation at that time, as construed by this court in *Spokane v. Stevens,* 12 Wash. 667 (42 Pac. 123), was two years. In 1895 a ten-year limitation act was passed, which went into effect prior to the expiration of two years from the confirmation of the first assessment. The statute was therefore extended, and this proceeding is not barred. *State ex rel. Hemen v. Ballard, supra; Bowman v. Colfax,* 17 Wash. 344 (49 Pac. 551)."

From the above expressions of this court, we think the limitation of ten years fixed by the statute of 1895 applies to a case of this character, and so hold. Assume that the town council of Mount Vernon should, of its own motion, make a reassessment to pay these warrants, the original assessment

having been delinquent for more than ten years, would it be contended that the owners of property assessed could not plead the statute of limitations when the municipality endeavored to enforce its lien? To say they could not plead the statute would be to hold that the council could delay making a reassessment for any indefinite period of time, and yet hold that whenever any council at a later date might perchance be seized with an inclination or desire to reassess, they could and would be permitted to do so, without regard to lapse of time. We do not think this could be permitted. But if, after the lapse of ten years, the council could not make a valid reassessment of its own motion, it will not be required to do so by a peremptory writ of mandate.

Respondent contends that appellants, as councilmen of the town of Mount Vernon, should not be permitted to plead the statute of limitations, that right being a privilege resting only with the property owners who might or might not avail themselves of it. We think there is no merit in this contention. It has been shown that the property owners will plead the statute in the event of any effort on the part of the town authorities to enforce a reassessment. Such a plea would necessarily be successful. Hence a refusal to sustain the plea when made by appellants and the granting of a writ of mandate herein would only result in subjecting the municipality to vexatious, unnecessary, and profitless litigation. This should not be permitted, the respondent having been guilty of neglect and laches sufficient to deprive him of any right to a writ of mandate herein.

The judgment is reversed, and the cause remanded, with instructions to dismiss.

MOUNT, C. J., FULLERTON, HADLEY, ROOT, and DUNBAR, JJ., concur.