[No. 7858. Decided June 17, 1909.]

THE STATE OF WASHINGTON, *on the Relation of William W. Seymour, Appellant,* v. THOMAS SLATER *et al., Respondents.*[1]

DRAINAGE—ASSESSMENTS—MANDAMUS TO COMPEL—LIMITATION OF ACTIONS. The right of a county to make an assessment on property benefited by a drain being barred by the lapse of ten years, a proceeding by holders of void warrants to compel the county by mandamus to make a reassessment is barred by the lapse of the same time.

SAME—REFUSAL. In such a case, the fact that the commissioners, upon request made, had not refused to proceed, would not affect the running of the statute, as the property owners could successfully make the defense.

Appeal from a judgment of the superior court for Whatcom county, Kellogg, J., entered November 23, 1908, upon findings in favor of the defendants, after a trial on the merits before the court without a jury, in an action to compel the levying of assessments to pay warrants drawn in payment of the construction of drainage ditches. Affirmed.

*Frank D. Nash* and *C. H. Hurlbut,* for appellant.
*Virgil Peringer* and *George Livesey,* for respondents.

FULLERTON, J.—In the years 1891, 1892, 1893, and 1894, the county commissioners of Whatcom county, acting pursuant to the act of the legislature of March 19, 1890, authorized and commenced the construction of several drainage ditches in that county, intending to pay the cost of construction by assessment levied upon the lands benefited by the ditches. During the course of the construction work, numerous warrants were issued to persons engaged therein, drawn on the general fund of the county but to be paid in fact out of the fund arising from the special assessments above mentioned. Before the work was completed this court held the

[1]Reported in 102 Pac. 651.

act under which the proceedings were being had unconstitutional; the effect of the decision being to nullify the proceedings of the commissioners and make void the warrants issued. In 1895 the legislature passed an act (Laws 1895, p. 271), free from the defects which were held to render the first one nugatory, providing therein for the completion of the ditches begun under the earlier act, for assessing the lands benefited to pay the costs originally expended on the construction as well as the cost of completing the ditches, and making it the duty of the county commissioners to provide for the payment of indebtedness incurred under the void law.

The relator, who is the owner and holder of a number of warrants issued as before mentioned, at various times after the passage of the act of 1895, requested the county commissioners of Whatcom county to proceed under that law and make such assessments on the property benefited as would be necessary to pay off the warrants held by him. This the commissioners repeatedly promised to do, but failing therein, this proceeding in mandamus was begun to compel them to act. At the hearing the trial court found the facts substantially as we have narrated them, and further found that more than ten years had elapsed since the warrants were issued, and more than ten years had elapsed since the enactment of the law of 1895, and that the owners of the lands benefited by the construction of the ditches, if any such there were, could and would plead the statute of limitations as a defense to any assessment the commissioners might attempt to levy thereon, or to the payment of the indebtedness represented by the warrants should the assessment be made, and thereupon refused to issue the writ.

But one question is suggested by the record, namely, did the finding with reference to the statute of limitations justify the refusal of the court to grant the writ? That the county commissioners may avail themselves of this plea, was deter-

39—53 WASH.

mined by this court in the case of *Frye v. Mount Vernon*, 42 Wash. 268, 84 Pac. 864. In that case mandamus was sought against the town council of the town of Mount Vernon to compel them to assess certain real property to pay outstanding warrants issued in payment of the cost of the improvement of a street. The council, for a defense to the writ, sought to show that the improvement had been made, and that the warrants had been issued, more than ten years prior to the institution of the proceedings, and that any assessment they might levy could not be enforced because of the statute of limitations. The trial court held that this plea was not open to the city council, that it was a right resting with the property owners, who might or might not desire to avail themselves of it, and granted the writ. This court reversed the judgment, holding that to require the town council to make a levy under the circumstances would only result in subjecting the municipality to vexatious and unnecessary litigation, without any corresponding benefit.

It is urged, however, that there is a special reason why the commissioners cannot avail themselves of this plea in this action. It is said that they have, by their conduct, misled the appellant; that from time to time, before the statute had run, the appellant urged the commissioners to make an assessment, and received their promise to do so, and relying thereon permitted ten years to expire before taking action; that mandamus against the commissioners would not lie at the appellant's suit until the commissioners had definitely refused to act, and that such refusal was not made definite until after the statute had run. But these contentions are not tenable. If the right to avail themselves of the plea of the statute rested with the commissioners alone, affecting their property or the property of the county over which they have control, the argument possibly might be sound. But the county commissioners do not represent the landowners, who it is found would urge the statute. On the contrary, the commissioners act in hostility to them, and the

dallying tactics of the commissioners in no manner estops them. Nor is it true that the appellant could not proceed until the commissioners had definitely refused to act. The commissioners, no doubt, had a reasonable time after the request to proceed was made in which to act, but if they did not act within a reasonable time, mandamus would lie against them, no matter how fair their promises might have been.

This case is not controlled by the cases of *Espy Estate Co. v. Pacific County*, 40 Wash. 67, 82 Pac. 129, and *State ex rel. Ames v. Lewis County*, 45 Wash. 423, 88 Pac. 760. These cases, it is true, are cases where this court held that the county commissioners could be compelled by mandamus to make an assessment under conditions similar to those existing in the present case, but in neither of them was involved the right of the landowner, on whose property the assessment must be made, to plead the statute of limitations.

The judgment is affirmed.

RUDKIN, C. J., CHADWICK, GOSE, MOUNT, and CROW, JJ., concur.