Argued June 1, reversed June 29, rehearing denied October 19, 1920.

# BROWN *v.* PORTLAND.*

(190 Pac. 722.)

**Municipal Corporations—Reassessment—Street Improvement—Charter.**

1. A reassessment for a street improvement can be made, only by virtue of authority conferred by charter, for, if the power of levying a reassessment is granted, it can be exercised only in the manner prescribed by statute.

**Municipal Corporations — Street Improvement — Reassessment — Authority—Charter.**

2. Under the charter of the City of Portland the authority of the city council to ordain a reassessment does not always depend on the fact that a court has declared or rendered void a former assessment, but such action may be taken when the council is in doubt as to the validity of such assessment.

**Municipal Corporations—Reassessment—Barred by Charter Limitations.**

3. Under charter of City of Portland, providing that no proceeding for a reassessment for a local improvement shall be instituted after ten years from the passage of resolution of intention for the making of the original improvement, where resolution for making the original street improvement was passed in 1903, and a reassessment initiated in 1909 was by the Supreme Court found defective, proceeding instituted in December, 1914, by resolution

---

*On effect of running of limitation since original assessment for local improvement upon a reassessment ordered because of invalidity of original, see note in 28 **L. R. A. (N. S.)** 735. REPORTER.

reciting in effect that "the Supreme Court has held void" the 1909 reassessment ordinance, and culminating in the passage, in January, 1915, of an ordinance in form making a reassessment, *held* not an amendment or correction of the 1909 reassessment, but a new assessment or reassessment, and therefore barred by the charter limitation; "institute" being defined to mean "to set up, to originate, to introduce," and therefore, as used in the charter, meaning "commence" or "initiate."

From Multnomah: ROBERT TUCKER, Judge.

In Banc.

This is a proceeding by David Brown and others for a writ of review to examine and cancel a reassessment made by Ordinance No. 30,287 for the improvement of Albina Avenue, from Page Street to River Street, in the City of Portland. The Circuit Court held that the proceedings making the reassessment were regular and dismissed the writ. Plaintiffs appeal.

The proceedings relating to the street improvement involved have been before this court several times. A brief history of the matter, as far as necessary to relate here, is about as follows:

In 1903 the City of Portland attempted to assess plaintiffs' property for the improvement of Albina Avenue. The assessment was resisted and set aside by the court. The city then attempted to make a reassessment which was adjudged void in the case of *Applegate* v. *City of Portland,* 53 Or. 552 (99 Pac. 890), and the city was directed to proceed to reassess the property. Thereupon the city endeavored to make another reassessment, but this was resisted and adjudged invalid in *Brown* v. *City of Portland,* 73 Or. 302 (144 Pac. 121). The court there held that:

"The case is governed by the principles announced in *Hochfeld* v. *Portland,* 72 Or. 190 (142 Pac. 824), and *Cook* v. *Portland,* 73 Or. 299 (144 Pac. 120); the facts and questions involved being substantially

alike in all three instances. The judgment is accordingly reversed, with directions to the council to proceed anew to the reassessment as suggested in those cases.''

In the Hochfeld case it was said (72 Or., at page 200, 142 Pac. 827):

"Although the city had jurisdiction to act in the proceeding, yet it acted erroneously in its omission to determine the question of fact involved by findings entered upon its record. This is not a fatal error authorizing the court to declare the reassessment proceeding utterly void. [The provisions of Section 611, L. O. L., are here in part set forth.]

"The conclusion is that the decision of the Circuit Court dismissing the writ should be reversed, and the cause remanded, with directions to instruct the defendants to give the notice required by its charter for hearing the objections appearing in the record, and to proceed to the determination of them in accordance with this opinion.''

Thereafter the city authorities proceeded to adopt Resolution No. 8383, which recited in effect:

"It appearing that the Supreme Court of Oregon, in the case of *Brown* v. *Portland,* has held void Ordinance No. 20,478''

—making a reassessment for the improvement of Albina Avenue. The resolution directed the city auditor to give notice of the passage of the resolution and of the hearing of objections to the preliminary reassessment, the time set being January 25, 1915, at 2:30 o'clock P. M.

The plaintiffs, who are property owners, made various objections to the reassessment, which are set forth in the petition for a writ of review. The council heard the objections, and made findings of fact, and overruled the same, and passed Ordinance No.

30,287, entitled "An Ordinance making a reassessment for the improvement of Albina Avenue from the north line of Page Street to the center line of River Street in Albina, in the City of Portland, Oregon," and made a reassessment for the cost of the improvement. The petition for the writ alleges *inter alia*, that the defendant City of Portland had no jurisdiction nor power to pass said reassessment Ordinance No. 30,287, for the reasons (1) that the council failed to obtain jurisdiction to make the reassessment, because the notice given for the hearing was not authorized by charter; (2) because the resolution of intention of making the original improvement was passed in January, 1903, and more than ten years have elapsed since the passage of such resolution of intention for the making of the original work, and there is no lawful authority for instituting these proceedings for such a reassessment, or for passing said Resolution No. 8383 on December 23, 1914, attempting to institute reassessment proceedings for the improvement of Albina Avenue after said ten-year period had expired; (3) the original improvement was not made in good faith; (4) that some of the property was sold on a former reassessment.                                        REVERSED.

For appellants there was a brief and an oral argument by *Mr. Ralph R. Duniway.*

For respondents there was a brief over the names of *Mr. Walter P. La Roche,* City Attorney, and *Mr. Lyman E. Latourette,* Deputy City Attorney, with an oral argument by *Mr. Latourette.*

BEAN, J.—The first question for consideration is that raised by the plea of the statute of limitations.

The charter of the City of Portland, as presented by the briefs, provides the power and procedure of the city in making a reassessment. It provides that, whenever an assessment for any local improvement is set aside, annulled, declared, or rendered void, or its enforcement refused by any court of this state or any federal court having jurisdiction therein, either directly or by virtue of any decision of this court, or when the council shall be in doubt as to the validity of such assessment, the council may by ordinance make a new assessment or reassessment upon the property benefited by such improvement to the extent of their respective and proportionate shares of the full value thereof. The procedure of the council is specified by Section 400, thus:

"The Council shall by resolution declare the district that will be benefited by the improvement for which the reassessment is made and shall direct the Auditor or City Engineer to prepare a preliminary assessment upon the property included therein within a time to be fixed by said resolution. Upon the passage of such resolution the Auditor shall, as soon thereafter as such reassessment is prepared, give notice by ten successive publications in the city official newspaper that such assessment is on file in his office, giving the date of the passage of the resolution directing the making of the same and the time at which the Council will hear and consider objections to said assessment by parties aggrieved thereby, and warning such persons not to depart until such reassessment has been completed."

This section of the charter further requires the auditor to forthwith mail a notice to the owner of each lot. It permits the owners of property to file objections in writing to such assessment. The council is required to hear and determine all objections filed. The council may correct or set aside and

order the remaking of such assessment, "and shall pass an ordinance approving and confirming such reassessment, as corrected and remade." Section 400 further provides:

"But no proceedings shall be instituted for such reassessment unless within ten years of the passage of the resolution of intention for the making of the original work, improvement or repair."

The position of the city is that the charter provision, that no proceeding for a reassessment shall be instituted unless within ten years after the passage of the resolution of intention for making the original improvement, is not applicable, because, as claimed on behalf of the city, the reassessment in question "was initiated September 8, 1909, when the council directed the auditor to prepare a proposed reassessment." This is upon the theory that the prior reassessment involved in the case of *Brown* v. *Portland,* which we will refer to hereafter as the former case, was not held absolutely void or annulled. The judgment in the former case was by mandate directed to be entered in the lower court. This court found in that case, which was also a proceeding for a writ of review, that there was error as alleged, and reversed the judgment of the court below in dismissing the writ. The order entering the mandate provided among other things as follows:

"And it is further ordered and adjudged in accordance with said mandate that defendants give the notice required by charter to appellants-plaintiffs for a hearing of objections appearing in the record and to proceed to the determination of them in accordance with the law and the opinion of the Supreme Court."

Thereupon the council adopted Resolution No. 8383, notice was given, objections made by plaintiffs, and

hearing had, detailed findings were made by the council, and that tribunal by Ordinance No. 30,287, now in question, ordained that a reassessment of plaintiffs' property according to the benefits for the cost of the improvement be made and approved, and confirmed the preliminary assessment prepared by the auditor and filed October 18, 1909. Section 3 of the ordinance directs that interest on the several amounts be added and collected at the rate of 6 per cent per annum from the date of the delinquency of the original assessment. Section 4 directs the auditor "to enter the assessment hereinbefore made in the Docket of City Liens and give notice thereof." The claim of the city is in effect that no new assessment or reassessment was made by the ordinance, but that only an amendment or correction of the reassessment involved in the former action was made.

1, 2. It must be conceded that the proceedings which are the subject of inquiry have the general appearance of a reassessment. Were they such in legal effect? A reassessment for an improvement of this nature can be made by virtue of authority conferred by the city charter. The right of levying a reassessment is not inherent in the city. If the power of levying a reassessment is granted, it can be exercised only in the manner prescribed by statute: 2 Page and Jones on Taxation by Assessment, § 958; Judson on Taxation (2 ed.), § 416. Section 400 of the charter provides that "the council may *by ordinance* make a new assessment or reassessment," under certain conditions. The authority of the city council to ordain thus does not always depend upon the fact that a court has declared or rendered void a former assessment. Such action may be taken when

the council is in doubt as to the validity of such assessment.

3. The reason for the proceeding as declared by the resolution was that the Supreme Court in the former case "held void" the prior assessment ordinance, No. 20,478. The fact that the council did not require the auditor again to perform the clerical work of copying or preparing the preliminary assessment would not change the purport of the proceeding. The matter of this street assessment was before this court in the case of *Evans* v. *Meridian Investment Co.,* 84 Or. 246 (163 Pac. 1165), in which Mr. Chief Justice McBRIDE stated that "it has attained the character of a genuine antique." Referring to the former case at page 249, of 84 Or. (at page 1166 of 163 Pac.), the Chief Justice said:

"Thereupon the city endeavored to make another reassessment, but this was resisted and adjudged invalid in *Brown* v. *City of Portland,* 73 Or. 302 (144 Pac. 121), and the case sent back with permission to the city again to reassess the property."

This plainly shows how this court understood the result of the former case, and an examination of the petition for a rehearing in that case does not disclose that the learned counsel, who were the same as in the present case, took any different view of the judicial determination therein as to that part. Several questions raised in this case were adjudicated in the former case. The inhibition of the statute limiting the time for the institution of proceedings for a reassessment as affecting reassessment ordinance, No. 30,287, could not have been adjudicated in the former case. It was not an issue in that case. The ordinance had not then been passed nor the proceedings for the reassessment initiated. Neither the

language of the opinions in the three former cases referred to nor the mandates therein indicate that it was the intention of the court to pass upon the question of the bar of the statute.

We are not required to determine the validity or invalidity of the former reassessment. That question was adjudicated in the former case. Suffice it to say that the former levy had been considered defective in the two opinions of this court. It has been held that a reassessment may be levied where the original assessment was invalid because the ordinance was defective (*Gorton* v. *City of Chicago,* 201 Ill. 534 (66 N. E. 541), or because the improvement was authorized by resolution, instead of by ordinance (*Newman* v. *City of Emporia,* 41 Kan. 583 (21 Pac. 593). It has also been held that a reassessment may be made if the original assessment is insufficient, but is not a nullity (*Foster* v. *City of Alton,* 173 Ill. 587 (51 N. E. 76); and in cases of other irregularities (2 Page and Jones on Taxation by Assessment, § 962).

Whether the former assessment was defective or a nullity, the fact remains that the city council commenced anew and by Ordinance No. 30,287 made a reassessment of plaintiffs' property for the cost of improvement: *Phipps* v. *Medford,* 81 Or. 119, 125 (156 Pac. 787, 158 Pac. 666). The period of time within which the council was authorized to make the reassessment had then expired. When the proceedings for the reassessment were instituted by the introduction and passage of Resolution No. 8383, the council was inhibited by the charter from taking such action. Whether the council initiated the proceedings strictly in conformity with the charter or the decision of this court in the former case is unimportant. The proceedings for a reassessment that

were instituted by resolution on September 8, 1909, culminated in the passage of Ordinance No. 20,748, which proceedings were adjudged illegal and canceled, and the city was directed to make a reassessment by this court, in the former case. The reassessment which was instituted on December 23, 1914, was barred by the statute of limitations in section 400 of the Charter. The city council had no authority to pass Ordinance No. 30,287: *Fry* v. *Mt. Vernon,* 42 Wash. 268 (84 Pac. 864); *Olympia* v. *Knox,* 49 Wash. 537 (95 Pac. 1090).

"Institute" is defined to mean "to set up; to originate; introduce": See Webster's New International Dictionary; 22 Cyc. 1373. The word "instituted," therefore, as used in the charter, means commenced or initiated.

The lawmakers in their wisdom saw fit to limit the time for making such a reassessment. There had been litigation respecting the street improvement referred to, which had continued for a long time. In the meantime the statute of limitations had run. Much the same condition exists as considered in *Bessler* v. *Powder River Gold Dredging Co.,* 90 Or. 663 (176 Pac. 791, 178 Pac. 237). More than seventeen years have now elapsed since the passage of the original resolution of intention for the making of the original work. Evidently the lawmakers considered that, in fixing a limit of ten years for reassessment, the city authorities would have sufficient opportunity to make necessary reassessments and correct any errors. We have only to apply the charter as it reads: 2 Page and Jones on Taxation by Assessment, § 972; *Westall* v. *Altschul,* 126 Cal. 164 (58 Pac. 458); *Doremus* v. *City of Chicago,* 212 Ill. 513 (72 N. E. 403).

It follows that the judgment of the lower court must be reversed, the writ sustained, Ordinance No. 30,287 annulled and the reassessment made thereby canceled. It is so ordered.

REVERSED.    REHEARING DENIED.

---

'Argued June 1, reversed June 29, rehearing denied October 19, 1920.