## COWAN ET AL v. STATE EX REL. BLANCHAR

(No. 2135; March 26, 1940; 100 Pac. (2d) 427)

428

For the plaintiffs in error, there was a brief by *Hagens & Wehrli* of Casper, and oral argument by *Mr. Wehrli.*

For the defendants in error, there was a brief by *R. N. Ogden* of Casper, Wyoming, and *Carl M. Little* of Portland, Oregon, and oral argument by *Mr. Ogden*.

KIMBALL, Justice.

This is a mandamus action on the relation of holders of special assessment bonds to compel the Mayor and Councilmen of the City of Casper to make a reassessment to cover a deficiency in the original assessment for payment of the bonds. After a trial, a peremptory writ was issued as prayed in the petition, and defendants prosecute error. Their contention is that they do not now have power to make a reassessment.

The improvement was paving. The district was created, assessment made, work completed and bonds issued under an act of 1915 which appears as sections 22-1501, et seq., R. S. 1931. The council is authorized, and by mandatory language directed, to make reassessments whenever "the amount assessed shall not be sufficient." Section 22-1542. Defendants rely on a limitation placed on this authority by section 22-1545, which reads as follows:

"No city or town shall have jurisdiction to proceed with any re-assessment or supplemental assessment unless the ordinance ordering the same shall be passed by the council or other legislative body of such city or town within ten years from and after the time the

original assessment for any such improvement was finally held to be invalid, insufficient or for any cause set aside, in whole or in part, held void or its enforcement denied directly or indirectly by the courts; or, in the case of supplemental assessments, from and after the time that it was finally determined that the total amount of the valid assessments levied and assessed on account of any such improvement was insufficient to pay the whole or that portion of the cost and expense thereof to be paid by special assessment."

Defendants cite authorities holding that an action for mandamus to compel a reassessment is barred if not commenced within the period during which the assessing body is authorized to reassess. See Frye v. Mt. Vernon, 42 Wash. 272, 84 Pac. 864; State ex rel. Seymour v. Slater, 53 Wash. 608, 102 Pac. 651. We assume that this is so, and inquire whether the present action was commenced within ten years after it was "finally held" or "finally determined" that the original assessment was insufficient. The facts material on the question were stipulated. The paving district included the right of way of a railway company. The company contested the assessment by proceedings in which an appeal was taken to the district court where a trial was had and, on May 17, 1927, a judgment entered in favor of the railway company, "annulling the assessment theretofore made against its right of way." An appeal from the judgment was taken to the supreme court, and thereafter while the appeal was pending the parties agreed that it would be dismissed on consideration of payment of $20,000 by the railway company to the city on behalf of the paving district. The agreement was carried out. The appeal was dismissed on April 18, 1928, and on the next day the assessment against the railway company's right of way was credited with $20,000. The stipulation of facts recites: "That by said settlement and dismissal of said action between the railway company and said city, the judg-

ment of the District Court became binding and final, and it was no longer possible for the city or these relators to enforce the payment of the original lien on behalf of Paving District No. 14 against the right of way of the railway company; that in consequence, the assessment liens in Paving District No. 14 were and are insufficient * * * to pay the bonded indebtedness existing against the properties in said improvement district, and deficiency exists accordingly."

There is here an apparent mistake in the reference to "dismissal of said action." The word "action" should read "appeal." The action was not dismissed but, on the other hand, the judgment therein "became binding and final" by the settlement that included a dismissal of the appeal. As the parties have stipulated that the judgment of May 17, 1927, became final on April 18, 1928, it is perhaps unnecessary for us to say that we agree that the stated conclusion follows from the stipulated facts theretofore recited. The controversy between the railway company and the city was not terminated until the settlement was perfected, and it was not until then that it was determined what the deficiency was. The petition in the mandamus action was filed February 9, 1937, and the alternative writ issued May 28, 1937, and it is not necessary to decide on which of these dates the action was commenced as the later is well within the ten years after April 18, 1928.

At some time not definitely shown by the record, relators commenced an action in the United States district court, seeking to obtain a general judgment against the city for the amount of the deficiency in the assessment. Their right to that relief was denied on the ground that their remedy was mandamus to compel reassessment. Blanchar v. City of Casper, 81 F. (2d) 452, decided January 14, 1936. On November 10, 1936, they made demand for reassessment, but no action was

taken by the city officers. Afterwards, as shown above, this action for mandamus was commenced almost a year before the expiration of the statutory period for reassessing.

Defendants contend that, because ten years have now elapsed, the city has lost jurisdiction to make a reassessment in spite of the written demand and the suit for mandamus within the time. This would be contrary to the general rule that a pending action in mandamus preserves the right until final judgment. People ex rel. Walter v. Kaplan, 117 Misc. Rep. 257, 192 N. Y. Supp. 105, 107; State ex rel. Foote v. Bartholomew, 103 Conn. 607, 622, 132 Atl. 36; Shaw & Hodgins v. Waldron, 55 Wash. 271, 274, 104 Pac. 272; 18 R. C. L. 118, note 16. There is no good reason for making an exception of the present case. Section 22-1545, supra, must be considered in the light of other provisions of the act showing the legislative intention that the bonds shall be payable only from the assessment against the improved property, and making it the duty of the city to make reassessment when necessary to carry out that intention. See Henning v. City of Casper, 50 Wyo. 1, 57 P. (2d) 1264, and Blanchar v. City of Casper, 81 F. (2d) 452, for citation and discussion of the statutes. If the power to reassess should be lost by lapse of time while the city officers are contesting an action for mandamus, the city, under Henning v. City of Casper, supra, might become liable to a general judgment for the deficiency.

Defendants cite cases holding that the right to levy special assessments exists only by virtue of the statute, and must be exercised within the time as limited by the statute. But in no case brought to our attention has it been held that the power to make an assessment is lost by expiration of time during the pendency of an action to compel the exercise of the power in performance of a statutory duty for the protection of bond-

holders. Defendants rely on Brown v. City of Portland, 97 Ore. 600, 190 Pac. 722, and Frye v. Mt. Vernon, 42 Wash. 268, 84 Pac. 864, stating that they are exactly in point. Brown v. City of Portland was a proceeding brought by the property owners against the city for review of a reassessment which was held void because not made within ten years of the passage of the resolution of intention for making the original work as required by the city charter. No right of third parties to have a reassessment made was in question. Frye v. Mt. Vernon was mandamus to compel reassessment, but the action was commenced more than three years after the expiration of the time within which the council was authorized to act. Frye v. Mt. Vernon and a later case following it (State ex rel. Seymour, 53 Wash. 608, 102 Pac. 651) were distinguished in Shaw & Hodgins v. Waldron, 55 Wash. 271, 104 Pac. 272. Waldron was the holder of warrants payable from special assessment made in 1891 and declared void in 1894. A reassessment was also declared void. Thereafter Waldron demanded that the city make another reassessment which might have been made, but no action was taken. An action for mandamus was commenced in 1901, and terminated in 1905 when the peremptory writ compelling reassessment was issued. The judgment was affirmed in 1908 (41 Wash. 566, 83 Pac. 1106) and reassessment thereafter made. The statute required that reassessment be made within ten years after the original assessments had become delinquent. It was admitted that the original assessments became delinquent in 1891, and assumed that the ten year period for making reassessment had not expired when the action for mandamus was commenced in 1901. On the question whether the limitation period was arrested while Waldron pursued his remedy by mandamus the court said, among other things: "An action begun within the period of limitation to compel an assessment

is equivalent in law to a valid assessment." The court then quoted from Frye v. Mt. Vernon, supra, and continued: "The necessary implication from this language is that, if the action had been instituted by Frye within the ten year period of limitation, the decision in that case would have been different * * *. We concede the rule to be otherwise where the warrant holder allows the full limit of the statute to run before beginning an action to compel a valid assessment. Upon this principle the case is to be distinguished from the late case of State ex rel. Seymour v. Slater, 53 Wash. 608, 102 Pac. 651."

Shaw & Hodgins v. Waldron, supra, is the only cited special assessment case containing a discussion of a contention like that made by defendants in the case at bar, but analogous cases of mandamus to compel action by public officers after the expiration of the time within which they should have acted, point the same way.

The constitution of Missouri, by section 6 of an amendment of 1884, Mo. R. S. 1929, p. 119, provides that when a court of appeals renders a decision which any one of the judges deems contrary to any previous decision of a court of appeals or of the supreme court, "the said court of appeals must, of its own motion, pending the same term and not afterwards," certify the case to the supreme court for rehearing and determination. In State ex rel. New York Life Ins. Co. v. Philips, 96 Mo. 570, 10 S. W. 182, mandamus to compel the certification of a case after the expiration of the term, the supreme court said that if it did not become the duty of the court of appeals to certify a case during the term it could not become so afterward, and after the term it could not of its own motion certify the case; but if it did during the term become its duty to do so, and it failed to discharge that duty, it was no answer to the writ of mandamus to say that they had lost the power to act.

City of Cairo v. Campbell, 116 Ill. 305, 5 N. E. 114, was mandamus to compel the city to make provision for payment of a judgment. It was the duty of the city to include the judgment in its annual appropriation bill for the fiscal year. It failed to do so, and defended the mandamus action on the ground that it had lost power to act under a statute providing that after the passing of the annual appropriation bill, "no further appropriations shall be made at any other time within such fiscal year" except by vote of the people. The supreme court said that the prohibition of further appropriations after the passage of the annual appropriation bill was obligatory on the council as to appropriations which might be made or refused at its discretion, but that the plaintiff in mandamus whose judgment was omitted from the bill through negligence or perverseness was not concluded thereby, for the council could not be allowed by their failure to perform a duty, to nullify the statute imposing that duty.

See, also, State ex rel. Peterson v. Scott, 56 So. Dak. 144, 227 N. W. 572, and cases cited; Tazewell v. Herman, 108 Va. 416, 60 S. E. 767.

Defendants cite many cases holding that where a statute creates a new right and limits the time within which it may be exercised, the lapse of the statutory period not only bars the remedy, but extinguishes the right itself. These cases cannot be accepted as authority for denying the relator's right to mandamus. Similar cases were referred to in Horse Creek Conservation Dist. v. Lincoln Land Co., 50 Wyo. 229, 240, 59 P. (2d) 763, 766, where we said "even in a proceeding unknown to the common law, a statute which imposes on a public officer a duty to be performed within a fixed time should be construed as directory as to the time of performance, if that is necessary to carry out the purpose of the statute."

The relators had no right or power to make a reas-

sessment, but they had the right to demand and require that defendants make it, and this right was asserted both by formal written request and by the commencement of the mandamus action long before the expiration of the ten year period mentioned in the statute. We cannot hold that the right was lost pending the action.

The judgment will be affirmed.

*Affirmed.*

RINER, Ch. J., and BLUME, J., concur.